## OVERTON VS. BEAVERS.

A guardian is not personally responsible on the contracts of his ward, without an express undertaking in writing to that effect; nor is he responsible, either personally, or in his fiduciary character, for necessaries furnished his ward, without his consent, express or implied.

The powers, authorities and duties of a guardian cease when his ward attains the age of majority: but the consequences and responsibilities of the relation may continue—as where the guardian incurs a personal responsibility on a contract made by his ward in pursuance of an express or implied authority.

The fact that a guardian had paid for the board and tuition of his ward on a former occasion, does not, by implication, make him responsible for board furnished the ward without his consent or authority.

*Appeal from Saline Circuit Court.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiff, contended that the Court erred in declaring the law to be, that defendant was not liable without an express promise in writing: and to the effect, also, that he had ceased to be liable, because he had ceased to be guardian. *Call vs. Wood*, 4 *Watts & Serg.* 119; *Lefils & Christian vs. Sugg*, 15 *Ark.* 138; *Clark vs. Carter*, 1 *Carter (Ia.)* 244; 1 *Verm.* 437; 1 *Hill (S. C.)* 279; 1 *Bailey* 344; 5 *Ala.* 42; 12 *Iredell* 67; 2 *Strobhart* 3; 5 *Mass.* 202; 1 *Barb. (Chy.)* 467.

WILLIAMS & WILLIAMS, for the defendant.

A guardian cannot be liable in his private individual capacity, without an express promise in writing: a guardian holds a representative character, as much so as an administrator, and is within the mischief, therefore within the remedy of the statute of frauds. See *Dig., chap.* 73, *sec.* 1. The liability in the

present case, if any liability exists, is against the ward, who had ceased to be such at the institution of the suit: and even if the contract had been for necessaries, the guardian could not have been held responsible for them unless they had been furnished at his request.

Mr. Justice HANLY delivered the opinion of the Court.

This was assumpsit brought by the plaintiff against the defendant in the Saline Circuit Court. The declaration contains five counts, as follows:

1st. That the defendant being the guardian, etc., of one Benjamin Newbern, an infant, was indebted to the plaintiff in the sum of $200, for board and lodging furnished by the plaintiff, at the request of defendant, for the ward, Newbern, and being so indebted, the defendant undertook and promised, etc.

2d. That the defendant, in consideration that the plaintiff, at the like special instance and request of the defendant, (being guardian as in the first count stated,) had found and provided other board and lodging to his ward, Newbern, he, the defendant, undertook, and then and there promised to pay the plaintiff so much therefor as he reasonably deserved to have, etc.

3d. That the defendant was indebted to the plaintiff in the further sum of $200, for board and lodging before that time found and provided by the plaintiff, at the special instance and request of defendant, for one Newbern, etc.

4th. That defendant was indebted to the plaintiff in the further sum of $200, for board and lodging found and provided by the plaintiff for the defendant, etc.

5th. An account stated.

The defendant interposed the general issue, with leave, by consent, to introduce all special matter in evidence, as if specially pleaded. By consent, the issue thus formed was submitted to the Court sitting as a jury, on substantially the following facts:

The defendant was the guardian of Benjamin Newbern, an infant, under the age of twenty-one years, during the year

1855, and to the 9th of January, 1856, when he attained his majority and became of full age: that plaintiff was the uncle, by marriage, of Newbern, and resided in Arkadelphia, in Clark county, whilst the defendant was a resident of Saline county, and derived his appointment as guardian from the Probate Court of that county. That some short time before Newbern, the defendant's ward, commenced to board with plaintiff, he accompanied a son of the plaintiff to his residence in Arkadelphia, and during his stay there, the plaintiff said to Newbern, if he would come and go to school, he would not charge him anything for his board. That, under this promise, Newbern returned to Arkadelphia, and commenced to board with plaintiff, and continued to board with him for the space of about 10 months. That when defendant heard that his ward, Newbern, was boarding with plaintiff, he objected to it, saying that he and plaintiff were not friendly, but made no efforts, as far as the proof shows, to prevent his ward from continuing to board at plaintiff's. That Newbern had been at Arkadelphia at school before, and that defendant, as his guardian, had paid his board and tuition during the time, and also his tuition during the time he boarded with plaintiff. That board per month was worth $10 during the time Newbern boarded with plaintiff. That in January, 1856, the defendant made his final settlement of his guardianship of Newbern with the Probate Court of Saline county, his ward having attained his majority, on the 9th of that month, as before stated. That in that settlement a balance was struck against him, defendant, of $1,592 61. That in this settlement, no charge was made against the ward for board at plaintiff's and no credit was given him therefor. The suit was commenced to the March term of the Saline Circuit Court, 1856, and the trial thereof was had at the October term following.

On these facts, the Court below was asked by the defendant to declare the law to be, as applicable to them, as follows:

1. That a guardian is not liable in his private or individual capacity, on the contract of, or for necessaries furnished his

40

ward, unless there is an express promise in writing by the guardian.

2. That the liability of a guardian is only in his representative capacity as guardian, and ceases when the party ceases to be such guardian.

3. That a guardian ceases to be such when his ward arrives at full age, and he has made final settlement.

The Court, against the objections of the plaintiff sustained these propositions, and declared the same to be the law as applicable to the above facts, and thereupon gave a verdict, and ordered judgment to be entered thereon, in favor of the defendant. To which judgment, opinion and proceeding of the Court, the plaintiff by his attorney excepted at the time.

To try the validity of his exception, the plaintiff sued out a writ of error to the Circuit Court of Saline county, and it is upon the return of this, that the cause is now in this Court.

We will state the propositions stated by the Court below, seriatim.

1. The first proposition should be considered by the Court under two enquiries, that is to say: (A). Is a guardian personally liable on the contracts of his ward, without an express undertaking in writing to that effect? And, (B). Is a guardian personally liable for necessaries furnished his ward, without an express promise in writing on his part, to pay for the same?

A. As to this question, we see no good reason why the relation of guardian and ward should operate to render the former liable on the contracts of the latter more readily, than in cases where no such relation existed. The only effect that the existence of that relation could have on contracts entered into on the part of the ward, might be to raise by implication a consideration to support an express promise by the guardian for his ward, where no consideration is expressed on the face of the undertaking of the guardian. A guardian would be no more liable on the contracts of his ward, than he would be on those of an entire stranger. In either case, to be rendered liable under the statute of frauds, (*Dig.*, *ch.* 73, *sec.* 1,) it would be

necessary that the undertaking should be in writing. See 1 *Parsons on Cont.* 116; 2 *Ib.* 300, *et seq.*

B. A guardian is not responsible, either personally, or in his fiduciary character, for necessaries furnished his ward without his consent, express or implied. See 1 *Parsons on Cont.* 116; *Forester vs. Forester*, 6 *Mass. R.* 58; *Edmunds vs. Davis*, 1 *Hill (S. C.) R.* 279; *Call vs. Ward*, 4 *Watts & Serg. R.* 118.

The case of *Edmunds vs. Davis* is very similar, in its facts, to the one we are considering. In that, the Court say: " The defendant's ward had no authority to bind him by express contract. The board and tuition were furnished the ward at his request alone, and if the plaintiff has suffered loss, it was the consequence of a confidence reposed in the ward, which he cannot visit upon the defendant." And again, the Court in the same case, say: "Is the guardian liable for necessaries furnished the ward in respect to his fortune which he may have in his possession? If a guardian should willfully withhold from his ward necessaries suited to his fortune and condition in life, equity would compel him to supply them, and if a stranger *ad interim* should furnish them, he would probably be re-imbursed by the Court of Chancery, out of the infant's fortune."

In *Call vs. Ward*, the Court, by Rogers, J., said: " But it may be asked, what is to be done, when the guardian refuses to furnish necessaries to his ward? Miserable, indeed, would be his condition, if he might run the risk of starvation with a plentiful estate. The remedy is by application to the Court, who will dismiss the guardian for neglect of duty, or the infant may himself purchase necessaries: or if of such a tender age that he cannot contract himself, a third person may supply his wants. But then the guardian is not liable, but the infant. In that case suit must be brought against the infant, who can appear by guardian, and not against the guardian himself; and the judgment, when rendered, is against the infant, and execution can only be had of the estate of the infant." See, also, 1 *Parsons on Cont.* 244, *et seq.*

2. It is true that the general liabilities of a guardian, as such,

only continue so long as he continues to be guardian. But there are many liabilities which a guardian may incur, whilst acting in that capacity, which subsist after he ceases to be guardian. A guardian may make his infant ward his agent to contract for him, and thereby incur personal responsibility respecting his' guardianship, which will subsist after the expiration of his term. He may also incur responsibility by an implied authority to his ward to contract debts in his name; in which case he would be personally responsible, though he had never received a dollar of his ward's into his hands, and this liability would subsist after the expiration of his term of guardianship, and this, on the principle of agency. It may be said therefore, that the announcement of the second proposition by the Court, though warranted by the facts shown by the record, could not be sustained as a general principle, or as a correct enunciation of the law applicable in all cases.

3. We presume this proposition is not, and cannot be controverted. The powers, authority and duties of a guardian cease when his ward attains the age of majority. The consequences and responsibilities of the relation may continue as we have already shown. The Court, from which he derived his appointment, may retain jurisdiction over him to compel him to account, and settle his administration as guardian after his ward has attained his majority. But this is a matter only between him and the Court, and the jurisdiction only subsists for a special purpose. So far as third persons are concerned, the guardian, as guardian, is *functus officio*, when his ward attains his majority. If he has incurred any liability, or entered into a contract on account of his ward, whilst his relation as guardian existed, he is, notwithstanding his ward's majority, liable on his contract personally, and this, though he may not have ever had a dollar in his hands belonging to his ward. See *Simms vs. Norris & Co.*, 5 *Ala. R.* 42; *Clarke vs. Caster*, 1 *Carter (Ia.) R.* 243; *Foster vs. Fuller*, 6 *Mass. R.* 58.

4. But apart from the foregoing views and considerations, we are clearly of opinion that though the Court may have erred in

the enunciation of the law as applicable to the state of facts shown by the record in this case (which we do not concede,) that yet on the whole case, the finding of the Court was right on the law and the evidence. There is no evidence, whatever, tending to prove that the defendant put the ward, Newbern, with the plaintiff to board. There is no evidence tending to prove that the defendant authorized Newbern to contract for him with reference to his board, either with the plaintiff, or any one else. The fact that defendant paid for the board and tuition of Newbern on a former occasion, does not by implication make him responsible for his board in the instance at bar. See *Prescott vs. Cass*, 9 *N. Hamp. R.* 93.

The remarks of Johnson, J., in *Edmonds vs. Davis*, are so apropos to this point, that we feel warranted in transcribing them here as expressing our views as fully as they could be expressed by any language of our own. The Judge said: " It is said that the defendant knew that his ward made this engagement, and did not give notice of his dissent. The plaintiff ought to have known that the ward had no authority to bind his guardian by his contract. He ought not to have contracted with him without his assent—without it he could not know that he was not deranging all the plans, which the guardian had projected for the advancement of his ward, or that he was not seducing him, by the facilities which he afforded, into an expense not justified by his fortune and rank in life: and on the other hand, the defendant could not know that the plaintiff had not contracted with the ward trusting to his own responsibility; and in whatever view the matter is put, the probable inferences are against the plaintiff. On principle, the case is clearly against the plaintiff: a guardian is not personally bound by the contract of his ward, even for necessaries; nor have I been able to find a case, or dictum, which charges him on a promise raised by implication, from the circumstance that he did not give notice of his dissent."

In the case at bar, the proof is quite potent, that the plaintiff had agreed with the ward, Newbern, that he would not charge

for his board—that it was the agreement that the board should be gratuitously bestowed by the uncle upon his nephew; so that, in no event, could the plaintiff recover, whether against the defendant or his ward.

We, therefore, without hesitation, affirm the judgment of the Court below in this behalf rendered.