### BELOATE *v.* HARE.

### Opinion delivered April 9, 1923.

GUARDIAN AND WARD—JURISDICTION OF PROBATE COURT.—One who has taken care of a minor may not sue her guardian in the probate court for an amount alleged to be due for the minor's care and support.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

#### STATEMENT OF FACTS.

Georgie Hare filed a petition in the probate court for a monthly allowance for taking care of Margaret Fry, a minor. In her petition she alleges that she is the mother of Margaret Fry, whose father died on the 17th day of November, 1915, and that W. E. Beloate was duly appointed guardian of her estate in December of that year; that said minor has, during all this time, been in her care and custody, and is now about nine years of age; that she has expended a great deal of money in taking care of said minor, and that the guardian of said minor has in his hands about $537.07 belonging to her.

The petition of Georgie Hare was filed in the probate court on the 19th day of April, 1921, and the probate court made an order allowing her $5 per month from the 11th day of November, 1915.

The guardian prayed and was duly allowed an appeal to the circuit court. The circuit court overruled a demurrer of the guardian to the petition of Georgie

Hare, and the action of the probate court in making the allowance to her was in all things approved. The guardian has duly prosecuted an appeal to this court.

*W. E. Beloate,* for appellant.

The probate court had no jurisdiction of the claim. *Creswell* v. *Matthews,* 52 Ark. 87. Guardian not liable in any event. *Conlin* v. *Beavers,* 19 Ark. 622. Case should be reversed and dismissed.

*Smith & Gibson,* for appellee.

Appeal should be dismissed for noncompliance with Rule 9. Judgment appealed from not a final order. *Melton* v. *St. L. etc. Ry. Co.,* 99 Ark. 433, 139 S. W. 289. *Creswell* v. *Matthews,* 52 Ark. 87, not controlling herein, and appellee entitled to the relief under § 91, Crawford & Moses' Digest.

HART, J., (after stating the facts). The circuit court was wrong. The order complained of related to a matter that the probate court could not take cognizance of or consider, and therefore it erred in making the allowance.

The effect of the proceeding was to sue the guardian in the probate court for taking care of the minor. This the mother could not do. It is the duty of the probate court to make the necessary appropriations of money or personal estate for the maintenance and education of the minor where this can be done out of the minor's estate; but a person taking care of the minor may not sue the guardian in the probate court for an amount alleged to be due him for the care and support of the minor. *Creswell* v. *Matthews,* 52 Ark. 87.

It follows that the judgment will be reversed and the cause remanded to the circuit court, with directions to dismiss the petition of Georgie Hare for want of jurisdiction.