GORDON *v.* BURNS.

4-6467                                      155 S. W. 2d 588

Opinion delivered November 10, 1941.

*Frank C. Douglas* and *Claude F. Cooper,* for appellant.

*Neill Reed* and *Zal B. Harrison,* for appellee.

HOLT, J. Appellee, W. M. Burns, sued appellant, Harry Ishmael Gordon, a minor, and J. W. Gordon, guardian of Harry Ishmael Gordon, in the court of common

pleas, Mississippi county, Arkansas, to recover a real estate commission in the amount of $488.06. He alleged in his complaint that he had been employed by J. W. Gordon, guardian of appellant, Harry Ishmael Gordon, to sell certain real estate belonging to his ward, and that said guardian agreed to pay him a commission of 5 per cent.

He further alleged that he secured a purchaser and completed the sale, but that J. W. Gordon, as guardian, and Harry Ishmael Gordon, the ward, have refused to pay him anything for his services.

Appellant and J. W. Gordon, guardian, defendants below, in their answer denied that they owed Burns anything; denied that any contract or agreement was ever made with appellee, Burns, to sell the lands in question; asserted that the guardian was without authority to enter into any such contract for the sale of his ward's lands; that the ward could not enter into any valid contract to sell his lands, and denied generally every material allegation in the complaint.

Upon a trial in the common pleas court, there was a judgment in favor of appellee, Burns, in the amount of $483.50. There was an appeal to the circuit court, and upon a jury trial there was a verdict in favor of appellee in the amount of $200 against Harry Ishmael Gordon, the ward, only. This appeal followed.

The record here reflects that J. W. Gordon, as guardian of Harry Ishmael Gordon, employed the services of appellee, Burns, a real estate dealer in the city of Blytheville, Arkansas, to sell certain lands belonging to his ward, and that the usual real estate commission for such services is 5 per cent. of the selling price. It is undisputed that a sale was made; that the probate court ordered and approved the sale; and that the sale was for the best interest of the ward's estate.

It further appears, and is in fact undisputed, that J. W. Gordon, the guardian of Harry Ishmael Gordon, who is his son, has managed his son's estate in a manner most beneficial to the interest of his ward and that in fact the estate has more than doubled in value under his control as guardian.

Appellant's first contention here is that any claim that appellee may have against the estate of Harry Ishmael Gordon should have first been filed for allowance in the probate court and if disallowed, there remained to him the right of appeal to the circuit court. It is conceded that appellee did not follow this course. Appellant in support of this contention relies upon art. 7, § 34, of the Constitution of the state of Arkansas, which provides that the probate court shall have "exclusive original jurisdiction in matters relating to . . . the estates of deceased persons . . . and guardians . . . as is now vested in the circuit court, or may be hereafter prescribed by law." We cannot agree with this view of appellant.

The claim sought to be recovered here grows out of a contract made by the guardian after he took charge of his ward's estate, is a claim against the guardian in his representative capacity, and the probate court would have no jurisdiction over a claim of this nature. The proper tribunal before which to establish this claim is a court of law.

In the case of *Creswell* v. *Mathews*, 52 Ark. 87, 12 S. W. 158, the facts were that the mother of several minor children, following the death of their father, as their natural guardian, purchased for the minors, merchandise from R. C. Mathews & Son amounting to $169.69. Thereafter, T. J. Mathews was appointed legal guardian for the minors and the mercantile firm filed its claim with him as guardian for the merchandise furnished for the benefit of the minor children. The guardian approved this claim and thereafter it was presented to the probate court and a judgment for the amount thereof was rendered by the court against T. J. Mathews as guardian of the minors. In its opinion this court said:

"It appears to this court too clear for argument, that the probate court had no jurisdiction to entertain an action, suit or proceeding of this kind. We are of opinion that the proceedings in the probate court, in allowing said claims were *coram non judice* and void, and that the said judgment of said court ought to be quashed and held for naught. A guardian cannot be sued in the probate court. • • •

"A guardian is not responsible, either personally or in his fiduciary capacity, for necessaries furnished his ward without his consent, express or implied. *Overton* v. *Beavers,* 19 Ark. 623, 70 Am. Dec. 610. In such cases the infant may be, and if so, an action lies against the infant in the proper tribunal, and he may defend by his guardian, and if a judgment is obtained, it should be against the infant, and not the guardian." See, also, *Beloate* v. *Hare,* 158 Ark. 222, 249 S. W. 586.

It is next contended by appellant that "the estate of appellant should not be liable for a commission not authorized by the probate court." It is undisputed here that the services rendered by appellee to the guardian in the sale of the ward's lands were beneficial to the ward's estate and that all parties acted in the utmost good faith. The sale in question was upon the order and approval of the probate court.

Section 6251, Pope's Digest, provides: "The guardian of the person, whether natural or legal, shall be entitled to the charge, custody and control of the person of his ward, and the care of his education, support and maintenance. The curator shall have the care and management of the estate of the minor, subject to the superintending control of the court; and the guardian of the person and estate of the minor shall have all the powers and perform all the duties both of a guardian of the person and curator."

Section 6274 gives the guardian or curator power to sell his ward's real estate for reinvestment purposes. That section provides: "When it shall appear that it would be for the benefit of a ward that his real estate, or any part thereof, be sold or leased and the proceeds put on interest, or invested in productive stocks, or in other real estate, his guardian or curator may sell or lease the same accordingly upon obtaining an order for such sale or lease from the court of probate of the county in which such real estate or the greater part thereof shall be situate."

By statute (§ 117, Pope's Digest) provision is made for a guardian to employ counsel which if not improvident, will bind the minor. No rule of law is cited that

would deny a guardian the right to employ the services of a competent real estate agent to assist in the sale of the ward's property. In the instant case services resulting in the sale were highly beneficial to the ward's estate.

With respect to the employment of an agent by a guardian, we quote from 25 Am. Jur. 62, § 96, as follows: "Within their admitted powers guardians, like other trustees, are not bound to transact personally such business connected with the trust as, according to general usage, prudent persons, acting for themselves, would ordinarily transact through agents." See, also, *City of Little Rock* v. *The White Company*, 193 Ark. 837, 103 S. W. 2d 58.

We think in the circumstances here that appellant's estate is liable for the commission.

It is finally contended that the contract in question was void and that the trial court erred in submitting appellee's claim for services on a *quantum meruit* basis. The court gave the following instructions to the jury:

"If you find from the evidence in this case that the guardian, J. W. Gordon, acting for his ward, procured and employed the plaintiff, Will Burns, to negotiate for him and for his ward the sale and transfer of the lands mentioned in this litigation, and that the said Will Burns knew that Gordon was acting for his ward, and that pursuant to such employment the plaintiff, Will Burns, did procure and negotiate and cause the consummation of the sale and transfer of the lands to the satisfaction of the guardian, and that the guardian accepted such services of the plaintiff, Will Burns, and consummated the sale or transfer of the lands, and that such sale or transfer of the lands was for the benefit of the estate or ward, then you are told that plaintiff would be entitled to recover against the ward, Harry Ishmael Gordon, such sums as you may find from the evidence in this case to be a fair and reasonable compensation to him for the services rendered. Otherwise your verdict would be for the defendants. . . .

"There is no liability against Gordon as an individual. If there is any liability at all it is against the ward,

because the plaintiff admits that he knew that Gordon was the guardian of the ward and in the transaction here was acting for the ward and not for himself individually, so if there is any liability it is against the ward or his estate and not against the guardian individually."

Appellee concedes that he dealt with J. W. Gordon, as guardian of Harry Ishmael Gordon, and not with J. W. Gordon individually and was looking to the guardian, alone, for his commission, but his dealings were with Gordon in his representative capacity. The verdict of the jury, and the judgment entered thereon, were correctly against Harry Ishmael Gordon, the ward.

Even though appellee's contract with the guardian for a 5 per cent. commission may not have been binding on the ward, we think the lower court was correct in holding that appellee was entitled to recover on a *quantum meruit* basis the reasonable value of his services rendered on behalf of the ward. In *Pace v. Richardson*, 133 Ark. 422, 202 S. W. 852, this court said: "Even though the contract sued on was void, the allegations of the complaint are sufficient to entitle appellant to recover on *quantum meruit*."

Appellee, having established his claim before the proper tribunal in the amount of $200 against the ward, is entitled to file same with the probate court where it should be allowed.

Finding no error, the judgment is affirmed.