HOWARD COUNTY v. LAMBRIGHT.

Opinion delivered March 26, 1904.

1.   COUNTY CONTRACT—PRESUMPTION.—In an action against a county by a contractor to recover compensation for a bridge built for the county, it will not be presumed, in the absence of proof, that no appropriation was made for the building of the bridge, and that for this reason the county court had no authority to make a contract for its construction.   (Page 333.)

2. COUNTY—LIABILITY FOR PUBLIC BRIDGE.—In an action against a county to recover for building a public bridge, it is error to instruct that if plaintiffs constructed the bridge they are entitled to recover its reasonable value, notwithstanding plaintiffs had not entered into any contract for its erection, as this would permit a recovery although the county did not authorize its erection, and refused to accept or use the bridge when erected. (Page 333.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

STATEMENT BY THE COURT.

This action was begun in the county court of Howard county by A. C. Lambright and others against the county to recover a claim of $337.50, for the building of a bridge known as the "Woodside Bridge." The bridge was constructed across Saline river where it forms the boundary line between the counties of Sevier and Howard. There was testimony tending to show that some time previous to the erection of the bridge the county judge of Sevier county had held a conversation with the county judge of Howard county in reference to the building of the same. The county judge of Howard was in poor health at the time, and he directed the county judge of Sevier county to go ahead and have the bridge built, stating that Howard county would pay its proportion of the expense. The contract for the building of the bridge was afterwards let, at a public bidding, to the plaintiffs, and a contract made with them for the construction thereof for the sum of $675, "to be defrayed by the counties of Sevier and Howard in proportion to the assessed value of real and personal property in each." The contract was signed by one of the plaintiffs, and also by two commissioners, one for each of the two counties. After the bridge was completed, the county of Sevier paid its part of the contract price for the construction of the bridge. But the commissioners appointed by the county court of Howard county to examine the bridge reported that it had not been constructed in accordance with the contract, and for that reason the county rejected the claim of plaintiffs against that county.

On the trial in the circuit court, where the case was carried by appeal, the circuit judge gave the following instruction, at the request of the plaintiff: "No. 1. The court instructs the jury that if they believe, by a preponderance of all the evidence in this case, that the plaintiffs A. C. Lambright and C. W. Russey did build and construct the bridge designated as the 'Woodside Bridge,' and did repair the bridge known as the 'Toll Bridge,' both being on public roads, and across Saline river, between the counties of Sevier and Howard, they are entitled to recover the reasonable cash value of said bridges as shown by the evidence in this case, notwithstanding plaintiffs had not entered into any contract with the county court of Howard county for the erection and repairing of said bridges; and the part for which Howard county is liable is to be ascertained from the proof in the case, which is three-eighths of the reasonable value of said work." The defendant excepted to the giving of the instruction, and asked the court to instruct that plaintiffs could not recover any part of the value of the bridge unless the county court of Howard and Sevier counties joined in an agreement for the building of the same, and that the burden of · showing this was on the plaintiffs.

There was a verdict and judgment in favor of plaintiffs for the sum of $283.30, and the defendants appealed.

*W. C. Rodgers,* for appellant.

The court erred in rendering judgment against the county for interest on the amount of the claim found by the jury from the time of the filing thereof at the rate of 6 per cent. per annum. 10 Ark. 61 ; 68 Ark. 83, 93 ; 69 Ark. 365 ; 15 Ark. 72, 74 ; 127 U. S. 251 ; 51 Miss. 807 ; 52 Miss. 732 ; 53 Miss. 148 ; 2 Mich. 188 ; 37 Mich. 351 ; 36 Oh. St. 409 ; 18 So. Car. 132 ; 13 Ore. 287. The county court cannot delegate its authority.    19 How. St. Tr. 1030, 1063 ; 3 Burr. 1259, 1260 ; 6 N. Y. 92 ; 75 N. Y. 388 ; 6 M. & W. 721 ; 107 Cal. 94 ; s. c. 40 Pac. 115 ; 53 Neb. 113 ; s. c. 73 N. W. 456 : 10 Ark. 78. The contract must fail for want of an appropriation of funds therefor.   Const. Ark., art. 16, § 12 ; 63 Ark. 397, 400 ; 54 Ark. 645, 658 ; 61 Ark. 74.   This proposition may be urged on appeal for the first time because it goes to the existence of a cause of action.   44 Ark. 56, 60 ; 58 Ark. 39 ;

66 Ark. 113; 18 Wall. 99. All persons dealing with the county must take notice of the limitations on its powers. 68 N. Y. 23; 12 S. D. 162; s. c. 80 N. W. 206; 56 Mich. 95, 103; s. c. 22 N. W. 206; 121 N. Y. 631; 69 Ark. 34. The statutory methods of making contracts with counties are exclusive, and must be followed. 74 Ind. 221; 10 Wall. 321, 326; 18 Kan. 386; 22 N. Y. 162, 169; 4 Neb. 336, 350; 118 N. Car. 636; s. c. 24 S. E. 425; 72 N. Y. 463; 43 Neb. 635; s. c. 62 N. W. 60; 56 Mich. 103; 22 N. W. 206; 113 U. S. 648; 8 Blackf. 471; 18 Md. 284, 301; 2 Den. 110; 4 Neb. 336, 350. As to statutory formalities see Sand. & H. Dig. § § 526, 532. The judge of the county court has no power to contract in vacation. 55 Ark. 437; 3 Blackf. 501; 8 *Ib.* 471; 11 Cal. 130; 4 Conn. 238; 59 Ia. 388, s. c. N. W. 344; 3 Blackf. 501; 2 Ind. 327; 44 Neb. 423, s. c. 62 N. W. 865.

RIDDICK, J. (after stating the facts). This is an appeal from a judgment rendered against a county for services rendered by plaintiffs in the construction of a bridge. It is said that no recovery can be had in this case because no appropriation had been made for the building of this bridge by the levying court, and that for this reason the county court had no authority to make a contract for its construction. But the evidence does not show whether such appropriation had been made or not, and, in the absence of any proof on that point, we should not presume that the county judge authorized the construction of the bridge in violation of the statute.

But we think that the circuit court erred in giving the first instruction requested by the plaintiffs, for, under the law as declared by that institution, any one who constructed a bridge on the public highway could compel the county to pay him the value thereof, whether he had authority to construct it or not, even though the county should refuse to accept or use such bridge. This would leave to any one the right to determine the question whether a bridge was needed on a public highway, and then to construct it at the expense of the county, without consulting the county officials, which is clearly not the law.

But when an appropriation has been made by the levying court for the building of a bridge, and the county judge lets the contract, and has the bridge built, we do not think that the county can take charge of the bridge, and allow the public to use it as a

public bridge, and thus get the benefit of the work and labor of the contractor, and still defeat the claim for compensation on the ground that the contract to construct the bridge was made by order of the county judge, instead of by the county court. To quote the language of the supreme court of the United States: "The obligation to do justice rests on all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation." *Chapman* v. *County of Douglas,* 107 U. S. 356; *Nevada County* v. *Hicks,* 38 Ark. 557. For this reason it seems that if, by mistake of law, a bridge is built upon a public highway under a contract which does not bind the county, and payment is refused on that ground, the county, if it does not intend to accept and pay for the work, should, as a matter of justice, permit the party constructing the bridge to remove it, and get what benefit may be had from the materials he has furnished, when the removal can be effected without injury to the public. In other words, it should not retain the materials, and use the structure, and refuse to pay the value thereof, when that result can reasonably be avoided. But in this case the county court refused to accept the bridge, and there is nothing in the evidence to show that the county has taken charge of the bridge, or received any benefit from the work and labor of the plaintiffs, so that the question of whether the county would have become liable if it had taken charge of or permitted this bridge to be used by the public is not before us on this appeal.

For the reason stated, the judgment is reversed, and the cause remanded for a new trial.