HANSON *v.* ANDERSON.

Opinion delivered October 11, 1909.

APPEAL AND ERROR—FUNCTION OF BILL OF EXCEPTIONS.—The office of a bill
of exceptions is to bring on the record such matters as are not already
a part of the record in the case; and where it fails to bring up the
evidence in a case and the instructions given or refused by the court,
alleged errors with reference thereto will not be considered.

Appeal from Lafayette Circuit Court; *Jacob M. Carter,*
Judge; affirmed.

*D. L. King*, for appellant.

HART, J. This is an appeal by R. H. Hanson from a judgment rendered against him in the Lafayette Circuit Court in favor of Reuben Anderson for $82.60. The suit was originally brought by Anderson against Hanson in a justice of the peace court for $82.60 alleged to be due him for work done on a levee. On appeal, this court can only consider such assignments of error as appear upon the record. In cases at law, the record consists of what is generally called the record proper and the bill of exceptions. In the present case what counsel for appellant calls a skeleton bill of exceptions was filed. None of the evidence adduced at the trial, and none of the instructions given by the court, are contained in it. There is no direction to the clerk to copy the stenographer's report. The bill of exceptions, after reciting the term of the court at which the case was tried and the presiding judge, continues as follows: "The plaintiff, to maintain the issues on his part, introduced the following testimony: (None furnished the clerk.)"

The same notation is made concerning the testimony of the defendant and the instructions of the court.

At a subsequent term of the trial court, appellant Hanson filed a motion to correct the record, in which he states that Mr. Paul Cella was the stenographer of the court, and that he left no stenographic report of the evidence with the clerk. He further states that said stenographer claims to have no record of the case, and no recollection of having taken a stenographic report of the same.

The record is made when the bill is allowed by the judge and filed by the clerk. The court has nothing to do with making or directing to be made the record of the trial court. It can only compel the clerk to transmit to this tribunal the record of the trial court, properly transcribed and certified to by him. If the stenographer failed to do the duty required of him by the statutes, appellant should either have taken some appropriate action before the trial judge to compel him to perform it, or should have himself prepared and tendered to the presiding judge his bill of exceptions, before the time for so doing had expired. In short, either he should in apt time have applied to the presiding judge to compel the stenographer to furnish his

report of the trial, or he should himself, or by his counsel, have prepared and submitted to the presiding judge his bill of exceptions, just as if there had been no stenographer present at the trail to report the proceedings therof.

The office of a bill of exceptions is to bring on the record such matters as are not already a part of the record in the case. *Berger* v. *Houghton,* 84 Ark. 342, and cases cited; *Lesser* v. *Banks,* 46 Ark. 482; *St. Louis, I. M. & S. Ry. Co.* v. *Godby,* 45 Ark. 485.

The state of the record as presented does not warrant a reversal.

Judgment stands affirmed.