CITY OF LITTLE ROCK *v.* THE WHITE COMPANY.

4-4562

Opinion delivered March 22, 1937.

*Ed I. McKinley, Jr.,* and *John R. Thompson,* for appellant.

*Carmichael & Hendricks,* for appellee.

MEHAFFY, J. This action was instituted by appellee in the Pulaski circuit court against the appellant to recover $4,500 for the use of a truck and flusher. It was alleged that appellant entered into a contract with appellee for the purchase of the truck and flusher, and that there was incorporated into the sales contract, a rental contract, but that nothing had been paid thereon.

Appellant answered denying all the material allegations in the complaint. It also alleged that the revenue of the city for the years 1929, 1930 and 1931 had been exhausted by proper disbursements; that amendment No. 10 prohibited the city from issuing any scrip or warrant against the revenues of any given year when such scrip or warrant, together with the other authorized disbursements, would exceed the total amount of the revenue of that same year; that the board of public affairs and the city of Little Rock never authorized the making of any contract or agreement for the purchase and rental of any truck, flusher, or any other similar piece of machinery. The order for the equipment shows that it was made in 1929, and was to be paid for out of the revenue of 1930. It was agreed by the parties that the flusher was used for 18 months, and it was agreed that there was no record in the board of public affairs with reference to the flusher. The order, or what is called the sales contract, was introduced. It was signed "City of Little Rock, by Grady Forgy, Purchasing Agent."

There was no evidence that either the board of public affairs or the city of Little Rock made the contract or authorized it.

The court instructed the jury as follows: "Ladies and Gentlemen: In this case the view the court takes of it, it is not necessary for you to decide the liability; the court instructs you that the city is liable for the rental of the machinery, and the only question for you to decide is what the amount of the rental should be."

The jury returned a verdict for $4,250 and judgment was entered accordingly. To reverse this judgment the city prosecutes this appeal.

It is first contended that the contract is void because §§ 7715 and 7716 of Crawford & Moses' Digest were not

complied with. We think the appellant is correct in this contention.

It is also contended that the contract is void because it was made in 1929 and the price was to be paid out of the revenue of 1930. In the case of *Dixie Culvert Mfg. Co.* v. *Perry County,* 174 Ark. 107, 294 S. W. 381, the materials were purchased in 1926 to be paid for in 1927 out of the road funds of said county for that year. This court said: ''In the last case cited, it was expressly said that a county cannot incur any obligation in any year exceeding the revenues of that year, and, if this is done, such obligations are void and cannot be paid out of the revenues of the succeeding year. The court pointed out that, if this course could be pursued, obligations could be carried from one year to another and in effect would nullify, to a certain extent, one of the purposes of the amendment.''

The court cites *McGregor* v. *Miller,* 173 Ark. 459, 293 S. W. 30. To make a contract in one year to be paid out of the revenue of a succeeding year is a violation of Constitutional Amendment No. 10. A county or municipality, by said amendment, is prohibited from making any contract in excess of the revenue for the year in which the contract is made.

Amendment No. 13 to the Constitution expressly provides that the cities of first and second class may issue, by and with the consent of a majority of the qualified electors of said municipality, voting on the question at an election held for that purpose, bonds in sums and for the purposes approved by such majority at such election as follows: The amendment then enumerates the things for which the bonds may be issued, and among other things, mentions, ''for the purchase of street cleaning apparatus.'' The amendment then makes provision for the payment of the bonds.

But, in order to make a purchase in one year, to be paid out of the revenues of a succeeding year, Amendment No. 13 must be followed. The evidence showed that the rental value of the equipment was from $250 to $300 per month.

Appellant calls attention to *Pulaski County* v. *Board of Trustees of Arkansas Tuberculosis Sanatorium,* 186 Ark. 61, 52 S. W. (2d) 972; but we said in that case: "It will be seen from the agreed statement of facts that the only question for us to determine is whether or not the county court can allow this claim at a time when allowance of said claim would be in excess of the revenue from all sources for the current fiscal year." And we held that to allow the claim at a time when it would be in excess of the revenue from all sources for the current year, would be a violation of Amendment No. 10.

Appellant calls attention to *City of Fort Smith* v. *U. S. Rubber Co.,* 184 Ark. 588, 42 S. W. (2d) 1004, and says that that case is not in point, because the city of Fort Smith operates under a commission form of government. It is true that the city of Fort Smith has no board of public affairs, but it is also true that Amendment No. 10 applied to the city of Fort Smith just as it does to the city of Little Rock.

The case above referred to was cited with approval in *Fort Smith* v. *Giant Mfg. Co.,* 190 Ark. 434, 79 S. W. (2d) 440, where we said: "The city also ratified the unauthorized acts of its agents, if unauthorized, by accepting, keeping and using the fire hose, and it would do violence to one's sense of common honesty and fair dealing to hold that collection could not be enforced, because of mere irregularities in making the contract, or that the agent exceeded his authority in doing so." We also said in that case: "The obligation to do justice rests on all persons, natural and artificial; and, if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation. * * * For this reason it seems that if, by mistake of law, a bridge is built upon a public highway under a contract which does not bind the county, and payment is refused on that ground, the county, if it does not intend to accept and pay for the work, should, as a matter of justice, permit the party constructing the bridge to remove it, and get what benefit may be had from the materials he has furnished, when the removal can be

effected without injury to the public. In other words, it should not retain the materials, and use the structure, and refuse to pay the value thereof, when that result can reasonably be avoided." *Howard County* v. *Lambright*, 72 Ark. 330, 80 S. W. 148.

The city of Little Rock received and used this equipment for 18 months, and we think the evidence shows that the revenue was sufficient to pay for the use of it at the time and as it was used. At any rate, the evidence does not show that the revenue was insufficient. The evidence shows the net gain for the years mentioned, but it does not show what contracts were made, nor what payments were made by the city. The city could not use this equipment and make contract for things other than necessary expenses, and thereby avoid the payment for the use of the equipment.

We recently said: "It is immaterial that the contract was void. Appellee cannot accept and hold appellant's money, also retain the bridges, and at the same time plead the invalidity of the contract in bar of recovery. This contention has been definitely and certainly determined by this court in a number of cases." *Yaffee Iron & Metal Co.* v. *Pulaski County*, 188 Ark. 808, 67 S. W. (2d) 1017. The court then cites a number of cases.

It has, therefore, been definitely settled by this court that, notwithstanding a contract for the purchase or use of equipment is void, the city cannot retain the property and refuse to make payment. Of course, a city cannot pay if the payment would exceed the revenue for the year in which it is made. It must, in the first place, pay the necessary expenses of operating the city government, but after that is done, it may then make contracts and make payments, provided the contracts or payments do not exceed the revenue for the year in which they are made.

The question involved here has been repeatedly settled by the decisions of this court against the contention of the appellant.

The judgment is affirmed.