LITTLE ROCK ROAD MACHINERY CO. *v.* JACKSON COUNTY.

5-2261                                             342 S. W. 2d 407

Opinion delivered January 30, 1961.

*Moore, Chowning, Mitchell, Hamilton & Burrow, Kaneaster Hodges,* for appellant.

*Wayne Boyce,* Prosecuting Attorney, *Fred M. Pickens,* Special Counsel for Jackson County, for appellee.

JIM JOHNSON, Associate Justice. This appeal arises out of a "contract" in violation of Amendment No. 10 to the Arkansas Constitution. The amendment, *inter alia* provides that:

"The fiscal affairs of counties, cities, and incorporated towns shall be conducted on a sound financial basis, and no County Court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any County Judge, County Clerk, or other county officer sign or issue any script warrant or make any allowance in excess of the revenue from all sources for the current fiscal year."

In October 1956, the County Judge of Jackson County purported to enter into an agreement with the Little Rock Road Machinery Company styled "Equipment Lease Contract." The Little Rock Road Machinery Company delivered to Jackson County a motor grader for use in building and maintaining the county roads.

It was retained and used by the county from delivery through the year 1958 with occasional repairs and periodic overhauls. The County Judge testified that the grader was in as good condition at the end of 1958 as when delivered, ordinary wear and tear excepted. Rentals were paid in the amount called for by the ''lease contract'' beginning with the delivery of the machine in October 1956, for five quarterly periods. No additional rentals were paid up to January 1, 1959, at which time the county advised appellant to pick up the machine. It is undisputed that the county had possession of the motor grader for some fourteen months without making the rental payments whereupon Little Rock Road Machinery Company filed its claim with the County Court of Jackson County which disallowed the claim. Little Rock Road Machinery Company appealed from the disallowance to the Circuit Court of Jackson County which affirmed the order of the County Court.

The Little Rock Road Machinery Company has appealed to this Court from the judgment of the Circuit Court of Jackson County asserting that it is entitled to an allowance of its claim on the theory of quantum meruit.

Appellant does not contend or argue that the ''contract'' in the case at bar is valid. In fact, they concede that the ''contract'' is void. The following appears on page 34 of appellant's brief: ''It should be borne in mind that the form of appellant's claim presupposes, and appellant concedes, that the contracts of lease with purchase option were void as violative of Amendment No. 10 to the Constitution.'' In view of this concession we are not called upon to decide the validity or invalidity of the ''contract'' itself but are deciding the case in accordance with appellant's concession. Certainly, this concession in the case at bar should not be construed to mean that counties are prohibited from entering into valid lease contracts.

Appellant cited and eloquently argues a number of cases seeking to sustain his position that payment

should be made on quantum meruit. We have examined each of the cases cited and find that they, without exception, are distinguishable in fact from the case at bar. The principal case upon which appellant relies as a basis for their theory is *Perry County* v. *J. A. Riggs Tractor Company,* 200 Ark. 304, 139 S. W. 2d 46. Although the facts in this *Perry County* case are similar to the facts in the case at bar, we find upon review of that case that Amendment No. 10 is not raised and the court does not discuss it; in fact, the court cites the non-amendment 10 cases, cited by appellant: *Ft. Smith* v. *Giant Mfg. Co.,* 190 Ark. 434, 79 S. W. 2d 440; *Yaffe Iron & Metal Co.* v. *Pulaski County,* 188 Ark. 808, 67 S. W. 2d 1017. Since questions not presented by the record cannot be considered on appeal, *Hanson* v. *Anderson,* 91 Ark. 443, 121 S. W. 736; and since constitutional questions are never decided unless necessary, *Wood* v. *Henderson,* 225 Ark. 180, 280 S. W. 2d 226; the *Perry County* case, *supra,* was properly decided on the record then before the court. In the case at bar, Amendment No. 10 is raised and as stated above, appellant concedes that the "contract" is void under its terms.

It is well settled that a contract with a county which is void because of a restriction against exceeding current revenues does not give rise to any right of recovery against the county for the value of the consideration passing under the contract although such consideration is accepted and used by the county. See: 41 A. L. R. 812, and cases cited therein. The decisions of this Court have consistently adhered to this rule. The case of *Vick Consolidated School District No. 21* v. *New,* 208 Ark. 874, 187 S. W. 2d 948, is directly in point and controlling here. That case holds that where a contract is void because expressly forbidden by law there can be no recovery either on the contract or on the basis of quantum meruit for benefits conferred by virtue thereof. To hold to the contrary would render this constitutional provision completely useless. Even though the rule here reiterated appears to be harsh, persons who deal with county authorities

in Arkansas are charged with notice that such officials are limited in their expenditures and must make their contracts accordingly. If this were not so, such officials alone would possess the authority to deal with these individuals in such a way "in the name of progress" as could result in the bankruptcy of every county in the State.

Affirmed.

HARRIS, C. J., and McFADDIN and WARD, JJ., concur.

WARD, J., concurring. Although I reach the same result reached by the majority, yet I feel impelled, because of the important implications involved, to try to clarify one point.

The majority opinion rest on two principal points: (a) The contract involved herein is void, and (b) since it is void there can be no recovery on the basis of quantum meruit.

(a) My prime concern is with the first point. The material portions of the contract entered into by and between appellant as lessor and the county as lessee read as follows:

"The undersigned Lessee . . . leases from the Little Rock Road Machinery Company . . . the following equipment and on the following terms and conditions: (describing the machinery).

\* \* \* \* \* \*

2. This lease period is for 3 months beginning on the 31st day of October, 1956, at a rental of $1,500.00 per 3 months . . . Leasee is granted the option to renew this lease at the end of the period hereof for further periods of three months . . .

\* \* \* \* \* \*

6. Lessor hereby agrees to sell to Lessee the above described equipment at the end of this lease period at the price of $20,870.00 cash. In the event the Lessee ex-

ercises the option to purchase at said price, all of the rentals paid will be credited on said price.''

*Amendment No. 10.* The pertinent parts of Amendment No. 10 read as follows: ''The fiscal affairs of counties . . . shall be conducted on a sound financial basis, and no county . . . shall make or authorize any contract . . . in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made . . .''

I want to point out that Jackson County is not obligated under the above contract to make any payments, except rentals for the first three months. This the County had a perfect right to do provided only that the rentals did not exceed the revenues for that year. Therefore, in any given year the County had a legal right (as long as the rentals did not exceed the revenues of that year) to renew the lease for a period or periods of three months if it desired to do so, but it was not obligated to do so. I submit that there is nothing in that kind of an arrangement which is forbidden by Amendment No. 10.

The purpose of Amendment No. 10 is explained in *Luter* v. *Pulaski County Hospital Association,* 182 Ark. 1099, 34 S. W. 2d 770, where it is stated: ''. . . that the governmental agencies named were prohibited from contracting obligations of any character in any fiscal year in excess of the revenues for that year. In other words, they must pay as they go, and can go only so far as they can pay, . . .'' The purpose and effect of Amendment No. 10 was explained in different words in *Lake* v. *Tatum,* 175 Ark. 90, 1 S. W. 2d 554, where it was stated that it was the intention of Amendment No. 10 ''. . . to make the revenue of each year pay the indebtedness incurred during that year and that the revenue of a subsequent year should not be applied to pay the liability of a past fiscal year, . . .''

It is my information that many counties in this state could not possibly build, maintain, and repair an ade-

quate road system if they are denied the right to lease the necessary machinery which is often very expensive.