SEARCY COUNTY, Arkansas *v.* Roy S. HORTON

CA 80-137                                        603 S.W. 2d 437
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*William Clay Brazil*, Pros. Atty., by: *Charles Edward Claw-son, Jr.,* Deputy Pros. Atty., for appellant.

*Matthews & Sanders,* by: *Roy Gene Sanders*, for appellee.

ERNIE E. WRIGHT, Chief Judge. Searcy County brings this appeal from a judgment of the circuit court reversing the Searcy County Court in disallowing appellee's claim for rent in the amount of $180.00 for April, 1979, under a building lease agreement between the appellee as lessor and Searcy County as lessee.

The undisputed evidence shows the appellee, at the instance of Searcy County Judge, constructed an office building in 1975 to house the county extension office for Searcy County and a written lease agreement dated July 2, 1975, was executed by the appellee and by Searcy County acting through the judge of the county court. The lease was for a term of 12 years, called for monthly rental payments of $180.00 per month and was recorded in the clerk's office. The county extension agent occupied the office from completion of

the building in 1975 through March 1979, and then vacated the property. During the period of almost four years the county utilized the building the quorum court appropriated funds for the monthly rental and rental claims were regularly allowed by the county court and paid by the county. Upon the removal of the extension office the county court disallowed the April, 1979 rent claim in the amount of $180.00. On appeal the circuit court held the county was bound by the lease and reversed the county court order disallowing the claim.

For reversal of the circuit court judgment appellant first contends the lease was unconscionable, oppressive and should be deemed unenforceable.

Appellant argues the lease is oppressive and unfair, and by inference we assume appellant contends the lease should not be enforced, because it contains a provisions relieving the lessor of any obligation to rebuild the office building at its option if the building should be destroyed by some casualty, and contains no specific provision that would relieve appellant of the duty to pay rent if the building were destroyed and not restored. Appellant argues the lease would require the county to continue to pay rent under such circumstances.

The lease was prepared by the county attorney at the direction of the county judge. The lessor testified he understood the lease would terminate if the building were destroyed by casualty and he elected not to restore it. When the lease is read as a whole we conclude it does not evidence any intent of the parties that the county would be bound to pay the rent if the building were destroyed by some casualty and the lessor elected not to rebuild. The paragraph of the lease in question reads: "Destruction of the property in whole or part by fire, windstorm, flood or other cause shall be deemed a termination of the obligation of lessor hereunder and it shall not be obliged to rebuild or replace the property except as [sic] its own option." However, the immediate preceding paragraph of the lease obligates the lessor to maintain the building in good repair. The only reasonable interpretation of the lease is that if the building were destroyed by casualty

and the lessor elected not to restore the lessee would have no further obligation to pay rent. If the lessor elected not to restore the building there would no longer be consideration to support the rental payments. We find no merit in appellant's contention the lease is unconscionable.

Secondly, appellant contends the lease is void because the agreement violates Amendment 10, Article 12, § 4 to the Constitution which prohibits a county from making a contract or incurring an obligation in excess of its revenues for a fiscal year in which the contract or obligation is made.

Appellant argues there was no showing the revenues of the county would be sufficient to support the lease payments over a twelve year period and cites *City of Little Rock* v. *The White Co.*, 193 Ark. 837, 103 S.W. 2d 58 (1937). The burden was upon appellant to prove that the contract incurred an obligation on the part of the county in excess of the revenues for a fiscal year, and no such proof appears in the record. Under the lease the county became obligated to pay rental only currently as the office space is available for use, there is no showing such obligation would exceed revenues for any fiscal year, and the quorum court in 1979 appropriated sufficient funds to pay the rent on the office for all of 1979.

Finally, appellant argues the county judge lacks authority to bind the county by the lease agreement.

The lease is headed as follows: "In the County Court of Searcy County, Arkansas", and is executed by the lessor and executed by the lessee as follows:

/s/ John A. Griffith
Searcy County Court
By: John A. Griffith, Judge

It appears the judge was acting in his capacity as judge of the county court in entering into the lease agreement although the formality of the action of the county court was not in the usual form of an order. However, even if it be said that the lease was not properly approved by the county court the use of the building by the county, the allowance of the

monthly rental claims by the county court over a period of years and payment of rent by the county operated to ratify the lease and make it binding upon the county. *Watts & Sanders* v. *Myatt, County Treasurer* v. *Searcy County*, 216 Ark. 660, 226 S.W. 2d 800 (1950).

In *City of Little Rock* v. *The White Co.*, 193 Ark. 837, 103 S.W. 2d 58 (1937), the court affirmed the circuit court in holding the city was liable for equipment the city purchasing agent contracted for and which the city accepted and used for 18 months even though the board of public affairs for the city had not authorized the contract. In holding the city liable the court quoted from *Yaffe Iron & Metal Co.* v. *Pulaski County*, 188 Ark. 808, 67 S.W. 2d 1017 (1934) as follows:

> It is immaterial that the contract was void. Appellee cannot accept and hold appellant's money, also retain the bridges, and at the same time plead the invalidity of the contract in bar of recovery. This contention has been definitely and certainly determined by this court in a number of cases.

It is true the county cannot pay if the payment would be in excess of the revenue for the year. The record does not show this to be the case.

Affirmed.