Bill CRAWFORD d/b/a Crawford Builders, Inc. *v.* LEE
COUNTY SCHOOL DISTRICT; Janis Waddy, Lafayette
Smith, Suzy Keasler, Evelyn McCall, J. Harvey Shaw, Robert
Shearon, and Phylistia F. Stanley, Individually and in Their
Official Capacities as Lee County School District
Board of Directors

CA 98-140                                                    983 S.W.2d 141

Court of Appeals of Arkansas
Division III
Opinion delivered November 11, 1998

*Wilson & Valley,* by: *E. Dion Wilson,* for appellant.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *Dan F. Bufford* and *Brian A. Brown,* for appellees.

MARGARET MEADS, Judge. Appellant, Bill Crawford d/b/a Crawford Builders, Inc., appeals from an order granting summary judgment to appellees.

On November 16, 1995, appellant signed a contract with James Culp, Superintendent of the Lee Country School District, for asbestos abatement and soffit covering at Strong Elementary School. Appellant agreed to do the work for the sum of $27,500. On May 31, 1996, appellant filed a complaint in chancery court for specific performance alleging that he began performance of the parties' contract on November 30, 1996, and finished the contract within a reasonable time thereafter. He also alleged that appellees were indebted to him in the amount of $27,500, plus interest, had breached the contract by failing to pay for the work performed, and had been unjustly enriched by their failure to pay. On September 26, 1996, the suit was transferred to circuit court. Appellees filed a motion for summary judgment on May 15, 1997,

and the motion was granted. On appeal, appellant argues that the trial court erred in granting summary judgment because (1) appellees failed to meet their burden of proof pursuant to Ark. R. Civ. P. 56; (2) appellant was not allowed to depose appellees pursuant to Ark. R. Civ. P. 30; and (3) the Lee County School Board had ratified the contract.

■ ■ Summary judgment is authorized by Ark. R. Civ. P. 56(c) when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact." It is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). In considering a motion for summary judgment, the court views the facts in the light most favorable to the party against whom the judgment is sought; all inferences are drawn against the moving party. *Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). Once a moving party establishes *prima facie* entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a genuine issue of material fact. *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997).

Appellant's complaint alleged breach of contract and unjust enrichment. In their motion for summary judgment, appellees averred that the alleged contract was void and unenforceable. They admitted that James Culp signed the purported contract and that appellant began performance, but asserted that the alleged contract was not presented to the Board of Directors of the Lee County School District until their January 1996 meeting, at which time the Board declined to approve the contract. Appellees also asserted that appellant failed to post the bond Arkansas law requires from a contractor doing work on a public building.

Attached to appellees' motion were the affidavits of James Culp and J. Harvey Shaw, president of the Lee County School Board. Mr. Culp asserted that during November 1995, contractors were performing roofing work on Strong Elementary School;

that appellant was the lowest bidder to remove asbestos material and soffit covering the school; that he intended to present the contract to the school board at its December meeting, but because of illness did not do so until January; that he told appellant that the contract was contingent upon school board approval, but appellant began work without contacting him to determine whether approval had been obtained; that appellant removed the asbestos and soffit material, but did not replace it with vinyl or aluminum; and that appellant failed to post a bond with the school board prior to beginning work. Mr. Shaw asserted that appellant removed the soffit material, but the project was incomplete because the outer covering was not replaced; that appellant failed to post bond prior to beginning work; that the first time the school board became aware that appellant had performed work was at the January 1996 meeting; and that the board declined to approve the contract because work had been started without school board authority.

At the hearing on appellees' motion, appellant argued that his complaint alleged both breach of contract and unjust enrichment. He argued that the contract was ratified by the school board in that its members knew the work was being done and had hired a quality-control agent to oversee appellant's work. Appellant asserted that while the work was being done, appellees in effect sat back and watched, and appellees received a benefit by having the asbestos removed. He further argued that appellees do not dispute that they were unjustly enriched by appellant's work, that there had been no objection to his claim of unjust enrichment, and that the claim had not been challenged. Appellant said that he wanted to proceed on his claim for unjust enrichment and breach of contract, and that he should be paid.

On November 18, 1997, the trial court entered an order granting summary judgment on the finding that the contract was not valid or enforceable because it was not approved or ratified by the school board and no bond was provided. Appellant's complaint was dismissed with prejudice.

We first address appellant's second argument on appeal. Appellant argues that the trial court erred in granting summary

judgment because he was not allowed to depose appellees pursuant to Ark. R. Civ. P. 30. Appellant says that on January 21 and March 31, 1997, he requested that appellees be made available for deposition on three alternate dates; that appellees' counsel would not allow the depositions to be taken before the summary-judgment motion was decided; and that because his request was denied he was not allowed to proceed further in the development of his case.

In support of his argument, appellant relies on *First National Bank v. Newport Hospital & Clinic, Inc.*, 281 Ark. 332, 663 S.W.2d 742 (1984), a medical malpractice case in which our supreme court held that the trial court erred in granting summary judgment before discovery was complete. However, in that case the supreme court stated that there was no suggestion of a lack of diligence in discovery efforts. Here, appellant filed a motion on May 15, 1997, which requested among other things that the court order appellees to be made available for depositions. In their response and brief in support of that response, appellees admitted that there had been several requests for discovery. However, appellant failed to obtain a ruling on this issue. Moreover, no hearing was held or further motions submitted on the issue of discovery, and appellant failed to bring up the matter of discovery in either his response to appellees' motion for summary judgment or at the hearing on the motion. The burden of obtaining a ruling is on the movant, and objections and matters left unresolved in the trial court are waived and may not be relied upon on appeal. *Carpetland of N.W. Ark., Inc. v. Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991).

Further, appellant failed to file an affidavit substantiating the fact that he was having problems gathering facts to support his opposition to summary judgment, as provided under Ark. R. Civ. P. 56(f). Had he done so, the trial court might well have postponed a decision on summary judgment pursuant to Rule 56(f) so that the depositions could have been taken. *See Jenkins v. International Paper Co., Inc.*, 318 Ark. 663, 887 S.W.2d 300 (1994).

Appellant's first and third arguments are related. Appellant's first argument is that the trial court erred in granting summary

judgment because appellees failed to meet their burden of proof. We first address this argument with respect to appellant's claim for breach of contract, and we address his third argument regarding ratification under this point.

Appellant's argument, as we understand it, is that the trial court erred in granting summary judgment on the breach-of-contract issue because there was a question of fact regarding whether the Lee County School Board ratified the contract. Appellant contends that he put forth sufficient facts to dispute appellees' allegation that they were not aware that the work was being done. He says the work was performed outside, and appellees were able to see him doing the work. Further, appellant argues that to ensure appellant was doing the work contracted for, appellees contracted with and paid Murdock Enterprises for quality-control services for asbestos abatement. Therefore, according to appellant, one can only conclude that appellees knew work was being performed by appellant. We do not agree that appellees failed to meet their burden of proof in regard to appellant's contract claim.

■ In affidavits attached to their motion for summary judgment, appellees averred that roofing work was being done at the school during November 1995, and that the school board did not become aware of appellant's activities at the school until their January 1996 meeting. Appellant filed no affidavits, depositions, or other proof on this issue. Thus, appellant failed to meet proof with proof and demonstrate the existence of a genuine issue of material fact on this issue.

■ In regard to appellant's argument that appellees contracted with Murdock Enterprises for quality-control services for asbestos abatement, there is nothing to confirm that this contract was entered into by appellees. In appellant's brief in support of his response to appellees' motion for summary judgment, appellant states that appellees hired a quality-control agent to supervise or monitor the work being done by appellant. Attached to the brief is a purported contract for quality-control services for asbestos abatement at Strong Elementary School. The services were to include evaluation of "AHERA" management plan, review of sited areas, coordination of bid proceedings, and a final report

upon project completion. Also attached to the brief are several checks to Murdock Enterprises from appellees. However, these documents are neither verified nor attested to; the purported contract bears no signatures; and the checks predate appellant's contract with appellee.

Therefore, we cannot find that the trial court erred in granting summary judgment on the issue of breach of contract. However, that does not dispose of the argument regarding appellant's claim of unjust enrichment.

In *City of Damascus v. Bivens*, 291 Ark. 600, 602-03, 726 S.W.2d 677, 679 (1987), our supreme court stated:

> We find that the unjust enrichment principle is firmly embedded in Arkansas law in the context of work performed pursuant to illegal contracts made by political subdivisions such as cities and counties. We alluded to it as recently as 1980 in a case where we ultimately found a valid contract to exist. *McCuistion v. City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980). We have permitted restitution based on unjust enrichment even when the associated contract was "void." *City of Little Rock v. The White Co.*, 193 Ark. 837, 103 S.W.2d 58 (1937); *International Harvester Company v. Searcy County*, 136 Ark. 209, 206 S.W. 312 (1919). Cf. *Revis v. Harris*, 219 Ark. 586, 243 S.W.2d 747 (1951).

Further, a claim in quantum meruit is generally made under the legal theory of unjust enrichment and does not involve the enforcement of a contract, and a quantum meruit claim can succeed even when it is argued, in the alternative, pursuant to a contract that has been declared void. *Sanders v. Bradley Cty. Human Servs. Pub. Fac. Bd.*, 330 Ark. 675, 956 S.W.2d 187 (1997). Our supreme court has allowed quantum meruit recovery after a contract with a government entity was declared invalid, *Damascus, supra*, and where a county kept purchase money for material purchased, retained ownership of the materials and, as a bar to recovery, asserted that no appropriation had been made. *Yaffe Iron & Metal Co. v. Pulaski County*, 188 Ark. 808, 67 S.W.2d 1017 (1934). In order for the legal theory of unjust enrichment to pertain, there must be some enrichment or benefit to the party against whom the claim is made. *Sanders, supra*.

■ Here, appellant alleged that he had performed the work called for by the contract. Appellees presented no proof on this issue and failed to address it in their summary-judgment motion. *See Sublett, supra.* Indeed, not only did appellees fail to challenge appellant's unjust enrichment claim in their motion, but Mr. Culp's affidavit submitted in support of the motion asserted that appellant removed the asbestos and soffit material, and Mr. Shaw's affidavit also asserted that appellant removed the soffit material. We therefore reverse and remand for trial on appellant's claim of unjust enrichment.

Affirmed in part; reversed and remanded in part.

ROBBINS, C.J., and STROUD, J., agree.