NO. 07-03-0216-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 22, 2004

_____

JONATHAN SHANE ROSS PEAKE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-08-05233-CR; HON. JAMES KEESHAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Jonathan Shane Ross Peake appeals his conviction for aggravated robbery. Through two issues, he contends that 1) the trial court abused its discretion when it admitted into evidence expert fingerprint testimony in violation of *Daubert v. Merrill Dow Pharmaceutical, Inc.*[1] and its progeny, and 2) he received ineffective assistance of counsel. We affirm the judgment of the trial court.

---

[1] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

***Background***

On May 10, 2002, a black man (Tywon Lang) knocked on the door of the home of Richard Blackmoore who recognized the man as someone who had come to his door several days before with a white man (later identified as appellant). Lang asked to mow Blackmoore's lawn. Blackmoore denied the request. When Lang departed, he failed to shut the gate to the yard. Fearing that his dog would escape, Blackmoore went out the front door several minutes later to rectify Lang's default. At that point, he was confronted by both Lang and appellant. The latter was wearing a ski mask and had a gun which he used to force his way into the residence. The men tied up Blackmoore with a dog leash and took a Rolex watch and some cash. During the robbery, Blackmoore's dog bit Lang on his leg.

Lang and appellant attempted to leave the scene in a red pickup, later identified to be owned by appellant's mother, but the engine would not start. In attempting to start the vehicle, Lang pushed the pickup and appellant steered. While doing so, they were observed by a neighbor, Myra Nash. Lang subsequently left the vehicle, was stopped by police on foot, admitted his involvement in the robbery, and showed police where to find the watch. So too did he testify at appellant's trial and expressly inculpate himself and appellant.

***Issue One - Expert Testimony***

In his first issue, appellant complains about the admission into evidence of testimony regarding fingerprint analysis conducted by a purported expert. It was allegedly inadmissible because it was "hard to square with *Daubert.*" We overrule the issue for it was waived.

2

During trial, appellant complained of the reliability of the expert testimony with respect to palm print analysis, while on appeal, he complains of the testimony with respect to fingerprint analysis. Furthermore, counsel for appellant took care to distinguish between the two subjects below. Thus, given that the objection uttered below does not comport with the issue asserted on appeal, the purported error was and is waived. *Massey v. State,* 933 S.W.2d 141, 157 (Tex. Crim. App. 1996).

### *Issue Two - Ineffective Assistance*

In his second issue, appellant contends his trial counsel was ineffective since he failed to object to the identification of him as one of the robbers by Blackmoore and Nash. We overrule the issue.

The standard by which we review ineffective assistance of counsel claims is well established. Thus, we will not repeat it, but cite the parties to *Strickland v. Washington,* 466 U. S. 668, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984), *Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000), *cert. denied,* 532 U. S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001), and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) for an explanation of same. Further, claims of ineffective assistance must be firmly founded in the record. *Rios v. State,* 990 S.W.2d 382, 385 (Tex. App.–Amarillo 1999, no pet.).

With regard to the in-court identification by Blackmoore, appellant fails to explain why the testimony was inadmissible. He simply states that it "was so objectionable the . . . Court felt it necessary to attempt to clarify" it. Furthermore, the specific objection that counsel was purportedly required to make goes unmentioned, as does any authority supporting the conclusion that the evidence was inadmissible. Thus, we are left to guess at the reasoning underlying appellant's claim and at the legitimacy of that reasoning, if any.

3

And, because of that, the complaint was waived due to insufficient briefing. *See Garcia v. State*, 887 S.W.2d 862, 880-81 (Tex. Crim. App. 1994), *overruled in part on other grounds by Hammock v. State,* 46 S.W.3d 889 (Tex. Crim. App. 2001) (overruling the claim that counsel was ineffective due to his failure to object since the appellant failed to explain "how counsel might have kept the statement out"); *Melonson v. State*, 942 S.W.2d 777, 782 (Tex. App.–Beaumont 1997, no pet.) (holding that an appellant must not only specifically identify the deficiencies in counsel's performance but also identify the specific objection that should have been made and provide authority in support of his argument that the objection would have been meritorious).

As to the out-of-court identification by Nash, we also find it to be insufficiently briefed. Appellant had the burden to prove not only that counsel's performance was deficient but also that the deficiency prejudiced him. *Tong v. State*, 25 S.W.3d at 712. While the former element is addressed at bar, the latter is not. Nowhere does appellant endeavor to explain how trial counsel's perceived failure to attempt to suppress Nash's testimony created a reasonable probability that but for the supposed error the result would have been different. This is of dire import in view of Lang's testimony and the other evidence directly inculpating appellant. And, given that the burden lies with "[a]ppellant . . . [to] prove *both* prongs of [the test] by a preponderance of the evidence in order to prevail," *id.* (emphasis added), we have no duty to unilaterally fill the void appellant left.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn<br>
Justice

Publish.

4