COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JUAN MORALES,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00001-CR



Appeal from the


171st Judicial District Court


of El Paso County, Texas 


(TC# 20040D04094) 



O P I N I O N


 Juan Morales appeals his sentence of 99 years' imprisonment and seeks a remand for a
new punishment trial. Appellant was indicted in August of 2004 for the offense of injury to a
child. A jury found him guilty as charged and sentenced him to 99 years' imprisonment. The
trial court denied his motion for a new trial, and Appellant appealed. In seven issues, Appellant
argues that the trial court erred by failing to grant a mistrial, failing to grant a new trial, that the
State engaged in intentional misconduct and violated his right to due process, that he received
ineffective assistance of counsel, and that the evidence was legally and factually insufficient to
support his punishment. The State counters that Appellant failed to preserve error, any error was
cured by the court's instruction to the jury to disregard the objectionable evidence, that any error
was harmless, and the evidence was legally and factually insufficient to support the punishment. 
We affirm.

 On July 2, 2004, Sandra Ramirez gave birth to Keyla, her second child with Appellant. 
On July 19, 2004, Keyla was admitted to the hospital with large lesions inside her mouth,
recurring fever, and poor appetite. She was released in good condition on July 25, 2004.

 The following day, July 26, 2004, Keyla was re-admitted to the hospital with a closed
skull fracture with bleeding in and around her brain and seizures. Dr. Chetan Moorthy, a
pediatric radiologist, testified at trial as to the extent and severity of her injuries. Dr. Moorthy
testified that Keyla suffered a large skull fracture, with bleeding and bruising of the brain and that
this kind of injury is consistent with an acceleration followed by a sudden deceleration on a hard
surface. Dr. Arturo Casillas, Keyla's regular pediatrician, testified that following the injury, she
exhibited developmental abnormalities.

 On July 27, 2004, Appellant gave a voluntary statement to Detective Timmons of the
El Paso Police Department. Appellant stated that about eleven or twelve days after Keyla was
born, he and Ms. Ramirez had finished dinner at the coffee table in the living room when Ms.
Ramirez left the room to go wash dishes. He heard Keyla crying and went into her room and
picked her up. Appellant took her to the living room where he sat on the sofa and called to Ms.
Ramirez to bring him a bottle. As he was feeding Keyla, he was watching television and became
very involved in the program he was viewing. He indicated that he was holding Keyla with her
bottom on his left leg, his left hand supporting her head with his right hand holding her bottle. 
He claimed that Keyla stretched suddenly and fell to the floor, hitting the back of her head on the
coffee table as she fell. He said that she began crying and he picked her up and put the bottle
back in her mouth and she started feeding again. When Ms. Ramirez came in after hearing Keyla
cry, Appellant told her that Keyla was fine. He stated that the following day, he told
Ms. Ramirez what happened and she told him to be more careful. He said that later that week,
Keyla became ill with blisters in her mouth, and his wife took Keyla to the doctor. He reasoned
that he did not take Keyla to the doctor because she seemed fine. Finally, he said that
Ms. Ramirez told him she would tell the police or Child Protective Services that their older
daughter Marcella pulled Keyla down and that was how she hit her head but after thinking about
it he decided to tell the truth.

 It was never determined exactly how Keyla became injured. The medical testimony at
trial established that the injury was caused either by someone striking Keyla with or against a
hard object. Appellant was convicted of causing injury to a child pursuant to Section 22.04 of
the Texas Penal Code. (1) 

 At the punishment phase of trial, Ms. Ramirez testified that when Keyla was a newborn,
Appellant had bitten her on the cheeks and left bruise marks. Defense counsel objected to this
testimony because the State had not included this alleged event in its disclosures of extraneous
offenses and bad acts. The exchange went as follows:

 Q. Did you ever notice, after Kayla (sic) (2) was born, any marks on her cheeks?


 A. Yes.


 Q. What where (sic) those?


 A. They were bruises on her cheek.


 Q. Did you ask him how they got there?


 A. Yes.


 Q. What did he tell you?


 A. He told me he bit Keyla.


 The Court: I'm sorry, I - -


 Q. He told you what?


 A. He told me he bit Keyla.


 Q. He bit her? 


 A. Yes.


 Q. Did he say why?


 A. He said he got anxious because she was too small, too little.


 Defense Counsel: You know, Your Honor, I'm going to object
to that.

 We got no notice.


 The State: Your Honor, this is punishment. Any relevant evidence.


 Defense Counsel: Whatever she can make up, I guess.


 The State: Your Honor, I'm going to object to that sidebar, ask that it
be stricken, and ask that this jury be given an instruction to
completely disregard that.


 The Court: Yes, yes. I will go ahead and tell you, [counsel]. No
sidebar comments. 

 And, please, ladies and gentlemen of the jury please
disregard the comment made by [defense counsel]. 


 Q. (By the State) How many times?


 A. Two times.


 Q. You saw bruises?


 A. Yes.


 Q. How old was Keyla when that happened?


 A. About a week and a half.


 Q. Both times?


 A. Both times, yes.


There was no other objection made by defense counsel to this testimony. The trial court never
ruled on the initial objection to the testimony. Instead the trial judge instructed the jury to
disregard only the sidebar.

 Later, on cross-examination, defense counsel questioned Ms. Ramirez about the bites. 

 Q. And you said that your daughter, Keyla, had bruises on her cheeks?


 A. Yes.


 Q. And they were bite marks?


 A. Yes. 


 Q. Okay. How come the doctor in the hospital never saw this when you took
your daughter?


 A. Because the bruises were not there anymore.


 Q. So you're the only one who saw those bruises?


 A. Yes.


 Q. Even though your family would come over and see Keyla, true?


 A. True. 


 Q. Okay. Your family, your mom, your dad, and no one ever saw that?


 A. Those bruises on the cheek, no.


 Q. Never. Just you?


 A. Just me. 


 The following day, prior to the continuation of testimony, defense counsel requested that
the trial court give a curative instruction to the jury to disregard any testimony about Appellant
biting Keyla on the cheeks. The State conceded at that time that they did not provide notice of
this incident. The prosecutor stated that she did not give notice because by the time she learned
of the biting incident, the notice period had run, and therefore, the notice would not have been
timely.

 During this discussion, defense counsel asked the court to declare a mistrial. The trial
court refused but granted the request for a curative instruction. The court gave the curative
instruction later that day in the midst of discussing whether to give defense counsel five minutes
to confer with Appellant. The instruction was as follows:

 The Court: At the time, before I forget, ladies and gentlemen of the
jury, you are instructed to disregard all testimony regarding
bruises on Keyla's cheeks caused by biting by Juan
Morales. There was no further mention of the incident.


Standard of Review

 We review a trial court's ruling on a motion for mistrial for an abuse of discretion. Wead
v. State, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004). In determining whether the trial court
abused its discretion, we consider whether the court acted without reference to guiding rules and
principles, or stated differently, whether the court acted arbitrarily or unreasonably. Lyles v.
State, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993); Menchaca v. State, 901 S.W.2d 640, 647
(Tex.App.--El Paso 1995, pet. ref'd). We must uphold the trial court's ruling if it falls within the
zone of reasonable disagreement. Wead, 129 S.W.3d at 129. Merely because a trial court may
decide a matter within its discretionary authority in a different manner than an appellate court in
a similar circumstance does not demonstrate that an abuse of discretion has occurred. Menchaca,
901 S.W.2d at 647.

 In Issue One, Appellant argues that the trial court erred in failing to grant a mistrial after
the State wrongfully introduced the testimony that Appellant bit Keyla in the face. (3)

 The State conceded that it did not provide notice of the biting incident in its disclosures
of extraneous offenses and bad acts. The prosecutor, nonetheless intentionally elicited this
testimony from Sandra Ramirez. While we condemn such tactics, a condemnation that the State
did not contest at oral argument, the Appellant has wholly failed to preserve the error of this
misconduct, and left us with nothing to consider.

 In order to preserve error for review in cases involving prosecutorial misconduct, the
defendant must obtain an adverse ruling from the trial court. See Stevens v. State, 671 S.W.2d
517, 521 (Tex.Crim.App. 1984); Mock v. State, 848 S.W.2d 215, 220 (Tex.App.--El Paso 1992,
pet. ref'd). In particular, the defendant must make a timely and specific objection; request an
instruction that the jury disregard the matter improperly placed before it; and then move for a
mistrial. Tex.R.App.P. 33.1(a); Perkins v. State, 902 S.W.2d 88, 96 (Tex.App.--El Paso 1995,
no pet.). In order to be considered timely, an objection must be lodged at the earliest opportunity
or as soon as the ground of objection becomes apparent. Stevens, 671 S.W.2d at 521; Thomas v.
State, 884 S.W.2d 215, 216 (Tex.App.--El Paso 1994, pet. ref'd).

 Here, although an objection to the testimony was made by defense counsel, the trial court
did not rule on the objection. Rather, the trial court ruled on the prosecutor's objection to
defense counsel's sidebar. Appellant failed to renew the objection and obtain a ruling and did
not request a curative instruction or request a mistrial until the following day. Moreover,
following the State's introduction of the testimony, defense counsel cross-examined the witness
on the same testimony after having lodged an objection and failing to obtain a ruling. Therefore,
Appellant failed to preserve this error for review. Issue One is overruled.

 In Issue Two, Appellant argues the trial court erred in denying his motion for a new trial. 
In Issue Five, Appellant complains that he was denied effective assistance of counsel because his
trial counsel failed to properly preserve error for review. In Issues Six and Seven, Appellant
states that the evidence was factually and legally insufficient to support the punishment. But
Appellant has wholly failed to brief these issues on appeal. We must find that Appellant has
waived these issues based on inadequate briefing, thus he has not preserved these complaints for
review. See Tex.R.App.P. 38.1(h)(the appellate brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record); see also
Peake v. State, 133 S.W.3d 332, 334 (Tex.App.--Amarillo 2004, no pet.)(ineffective assistance
complaint overruled based on inadequate briefing). Accordingly, Appellant's Issues Two, and
Five through Seven are overruled.

 In Issues Three and Four, Appellant complains that the State committed prosecutorial
misconduct which violated his due process rights. Once more, we must find that Appellant failed
to object on this ground at trial, however, and has, therefore, waived this issue on appeal.

 A specific objection is required to inform both the trial judge and opposing counsel of the
basis of concern. Fuller v. State, 827 S.W.2d 919, 924 (Tex.Crim.App. 1992), cert. denied, 509
U.S. 922, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993). Specificity allows the court to make a
determination and ruling, and for opposing counsel to terminate the objectionable line of
questioning or supply alternate information or testimony. Tucker v. State, 990 S.W.2d 261, 262
(Tex.Crim.App. 1999). Further, any objection made at trial must comport with the issue raised
on appeal. Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).

 Although defense counsel objected to the testimony of Appellant biting Keyla in the face,
the objection was based on lack of notice of the extraneous bad act, not prosecutorial
misconduct. Moreover, as previously noted, Appellant failed to secure a ruling on the objection
to the testimony. Accordingly, he has not preserved this error for appeal. Wilson, 71 S.W.3d at
349; Stevens, 671 S.W.2d at 521; Perkins, 902 S.W.2d at 96. Issues Three and Four are
overruled.

 Having overruled all of Appellant's issues, we affirm the judgment below. 

October 25, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act, or intentionally, knowingly or recklessly by omission, causes to a child,
elderly individual, or disabled individual: (1) serious bodily injury; (2) serious mental
deficiency, impairment, or injury; or (3) bodily injury. Tex.Pen.Code Ann. § 22.04(a)(1)-(3)(Vernon Supp. 2006).
2. Keyla's name is misspelled as "Kayla" throughout the trial transcript. From here on in,
where testimony is laid out, we replace Kayla with Keyla.
3. The Texas Code of Criminal Procedure delineates what type of evidence may be
introduced in the punishment phase of a criminal trial. Tex.Code Crim.Proc.Ann. art. 37.07,
§ 3 (Vernon 2006). Evidence of extraneous offenses and other bad acts for which the defendant
has not been charged or convicted are permitted if it is shown, beyond a reasonable doubt that
defendant committed the acts. Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a)(1). If the defense
makes a timely request for notice of the State's intent to introduce evidence of extraneous
offenses or bad acts, the State must provide the defendant with notice, and if the extraneous
offenses or bad acts include acts for which the defendant was not convicted, the notice must
include the date on which and the county in which the alleged act occurred, as well as the name
of the alleged victim of the crime or bad act. Tex.Code Crim.Proc.Ann. art. 37.07, § (3)(g).