Opinion issued January 31, 2008








                                                                                                                                              




                      In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00658-CR
  __________
 
ZACHARIAS FEDERICO ALMAZAN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1065555
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Zacharias Federico Almazan, guilty of possession with
intent to deliver a controlled substance, namely, cocaine weighing more than 4 grams
and less than 200 grams.


 The trial court, having found the allegations in the
enhancement paragraph true, assessed appellant’s punishment as 35-years confinement
in the Texas Department of Criminal Justice—Institutional Division. On appeal,
appellant argues that “trial counsel was prejudicially ineffective for failing to object
to the admission of cocaine predicated dually on [his] consent to search and oral
statement . . . constitutionally dependent on his unlawful detention.” We affirm.
Background
          After receiving an anonymous tip regarding drug activity at a house, Sergeant
Oscar Ortegon began surveillance of the house. On two occasions, the officers saw
appellant leave the house in a car and conduct what appeared to be hand-to-hand drug
transactions with two different individuals. After the second drug transaction, the
officers detained appellant, who consented to the search of his car.


 While the car was
being searched, appellant consented to the search of the house, and he told the officers
that the “stuff” in the house belonged to him. During the search of the house,
appellant directed the officers to a bedroom closet where a bag of cocaine was found.
          On appeal, appellant argues that his counsel was ineffective for failing to object
to the admission of the cocaine during the guilt/innocence stage of trial. Appellant
contends that he was unlawfully detained, thus rendering his consent to search the
house and his admission to the ownership of the drugs, inadmissable.    
Standard of Review
          In considering whether counsel’s assistance was so defective that a reversal of
the conviction is warranted, we follow the standard enunciated in Strickland v.
Washington. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005). Under the Strickland standard, we
determine (1) whether counsel’s performance was deficient and (2) whether, but for
counsel’s deficient performance, there is a reasonably probability that the result of the
proceeding would have been different. Salinas, 163 S.W.3d at 740.
          To prevail, appellant must show ineffective assistance by a preponderance of
the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In
addition, appellant must overcome the “strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance” or might reasonably
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
We cannot speculate as to the reasons why trial counsel behaved as he did; rather, we
must be highly deferential and presume that counsel’s actions fell within the wide
range of reasonable and professional assistance. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). Furthermore, when an ineffective assistance claim
alleges that counsel was deficient in failing to object to the admission of evidence, the
defendant must show as part of his claim that the evidence was inadmissible. Ortiz v.
State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002).
          At the outset, we note that the record does not provide any explanation of
defense counsel’s strategy. In the absence of a proper evidentiary record, it is
extremely difficult to show that counsel’s performance was deficient, and we must
presume that his actions were taken as part of a strategic plan for representing his
client. See Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Only
in rare cases will the record be sufficient to prove that counsel’s performance was
deficient, despite the absence of affirmative evidence of counsel’s reasoning or
strategy. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 
Appellant claims that this is one of those “rare cases” in which the record, silent as to
counsel’s reason for not objecting, nonetheless reveals her deficiency, because
objecting to the admission of the cocaine based on his unlawful detention was his only
plausible defense. See Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)
(holding that trial counsel was ineffective in failing to request a jury instruction on the
defense of necessity, thereby precluding the jury from giving effect to the only defense
raised by the defendant).
 
Analysis
          In arguing that the cocaine was inadmissible, appellant asserts that his consent
to search the house and his oral statement that the “stuff” was his, which led to the
discovery of the cocaine, resulted from his unlawful detention, and, thus, the cocaine
was inadmissible under constitutional and state law. See Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2005) (“No evidence obtained by an officer or other person
in violation of any provisions of the Constitution or laws of the State of Texas, or of
the Constitution or laws of the United States of America, shall be admitted in
evidence.”); Bell v. State 724 S.W.2d 780, 787 (Tex. Crim. App. 1986) (quoting Wong
Sun v. United States, 371 U.S. 471, 485, 83 S. Ct. 407, 416 (1963)). Appellant further
contends that there were no intervening circumstances between his illegal detention
and his consent to search and oral statement that the “stuff” was his that attenuated the
taint of the illegal detention. See Brown v. Illinois, 422 U.S. 590, 603–04, 95 S. Ct.
2254, 2261–62 (1975); Brick v. State, 738 S.W.2d 676, 681 (Tex. Crim. App. 1987).
          A temporary detention is justified when the detaining officer has specific
articulable facts which, taken together with rational inferences from those facts, lead
the officer to conclude that the person detained is, has been, or soon will be engaged
in criminal activity. Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005)
(citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968)). An officer may
draw upon his experience and training to assess the existence of reasonable suspicion. 
See United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744, 751–52 (2002). We
disregard any subjective intent of the officer making the stop and look solely to
whether an objective basis for the stop exists. See Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001). The determination of the presence of reasonable suspicion
is a factual one and is made and reviewed by considering the totality of the
circumstances at the time of the stop. Icke v. State, 36 S.W.3d 913, 915 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d). 
          There was testimony that, when appellant conducted what officers believed was
the second hand-to-hand drug transaction, the car appellant was riding in was
impeding traffic. Appellant apparently asserts that his detention was unlawful because
there is no evidence that the car he was riding in impeded traffic. However, regardless
of whether the car was impeding traffic, the officers testified that they observed
appellant participate in what appeared to be two hand-to-hand drug transactions during
their surveillance, the latter of which occurred immediately before officers stopped the
appellant. Appellant’s consent to search the house and his oral statement concerning
his ownership of the drugs located at that house occurred during this detention and
after he consented to the search of the car. Appellant does not argue that the officers
lacked reasonable suspicion to detain and question him based on their observation of
the alleged hand-to-hand drug transaction. Appellant has not shown that the officers
lacked specific articulable facts which, taken together with rational inferences from
those facts, led them to conclude that appellant was, had been, or soon would be
engaged in criminal activity, and, therefore, has not shown that the cocaine was
inadmissible as a fruit of an unlawful detention. See Brother, 166 S.W.3d at 257. We
conclude that appellant has failed to show that this is one of those “rare case” where
the record is sufficient to prove that counsel’s performance was deficient. See
Robinson, 16 S.W.3d at 813 n.7.
          Furthermore, even if the record did affirmatively show counsel’s
ineffectiveness, appellant does not argue in his brief that, had his counsel successfully
objected to the admission of the cocaine, the result of the proceeding would have been
different. Appellant must make such a showing under the second prong of Strickland. 
446 U.S. at 687, 104 S. Ct. at 2064. Therefore, his ineffective assistance of counsel
claim has been inadequately briefed. See Peake v. State, 133 S.W.3d 332, 334 (Tex.
App.—Amarillo 2004, no pet.).
          Appellant’s sole issue is overruled.
 
 
 
Conclusion
We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, Higley.
Do not publish. Tex. R. App. P. 47.2(b)