COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAUL AVALOS, | § | No. 08-08-00272-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| | § | |
| The STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20070D01624) |
| | § | |

## O P I N I O N

Raul Avalos appeals his conviction for two counts of attempted capital murder of two peace officers. A jury found Appellant guilty on both counts of a first degree felony offense, and the trial judge sentenced him to 75 years' imprisonment. On appeal, Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction, as well as the trial court's denial of his motion for a mistrial. We affirm.

On March 7, 2007, Deputy Carranza of the El Paso County Sheriff's Office was patrolling on Interstate 10 when he received a radio report of shots fired in the Westway area of El Paso County, Texas. Deputy Carranza drove to Westway and began looking for the suspect described in the radio dispatch as a Hispanic male with a shaved head and wearing a white muscle t-shirt and black pants.

Deputy Carranza was westbound on Southwood Street when he saw someone who matched the description, except for the fact that this person was wearing a checkered shirt. The officer turned his patrol vehicle's emergency lights on and got out of the car. The man began

running northbound on Essex Street. The officer yelled at the man to stop, but he did not. Deputy Carranza chased the individual, a short distance, when the man turned towards the deputy and fired two shots from a hand gun at him. The man ran on for a short distance, then he fired a third shot at Deputy Carranza. Deputy Carranza drew his weapon but never had a clear shot. He did a radio report that shots were fired, and the location and direction in which the suspect was running, and a description of the man.

After hearing Deputy Carranza's radio call, Deputy Carroll headed in the reported direction. As he turned southbound on Essex Street, he saw a man with a gun running northbound. Deputy Carroll immediately radioed Deputy Segoviano who was between himself and the fleeing shooter, to warn him that the man was headed his way. Deputy Segoviano testified that an Hispanic male with a bald head, wearing a checkered shirt and dark pants, shot at him from a distance of fifteen to twenty yards. Deputy Segoviano drew his weapon and gunfire was exchanged between the deputy and the baldheaded man. The man then ran through a vacant lot, and as Deputy Segoviano followed him, the suspect turned and fired at the deputy once more. Deputy Segoviano fired one last shot at the suspect before the suspect ran behind a house on Tiffany Street. Deputy Carranza ultimately met up with Deputy Segoviano, but the gunman eluded their search. However, other deputies eventually found and arrested the bald shooter.

A grand jury charged Appellant by indictment for the attempted capital murder of Deputy Segoviano (Count I) and attempted capital murder of Deputy Carranza (Count II), as well as unlawful possession of a firearm by a felon (Count III). Appellant pled not guilty, but the jury found him guilty of Counts I and II. The court dismissed Count III because Appellant was convicted of Counts I and II. Appellant elected to have the trial court assess punishment, and he

was sentenced to seventy-five years' imprisonment.

In Issues One and Two, Appellant contends the evidence was factually and legally insufficient to support his conviction. But Appellant has simply failed to brief these issues on appeal. We must conclude that Appellant has waived these issues based on inadequate briefing, and that he has not preserved these complaints for review. *See* TEX.R.APP.P. 38.1(i)(the appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *see also Peake v. State*, 133 S.W.3d 332, 334 (Tex.App.--Amarillo 2004, no pet.)(ineffective assistance complaint overruled based on inadequate briefing). Accordingly, Issues One and Two are overruled.

In Issue Three, Appellant contends the trial court erred in failing to grant a mistrial. We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004). In determining whether the trial court abused its discretion, we consider whether the court acted without reference to guiding rules and principles, or stated differently, whether the court acted arbitrarily or unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993); *Menchaca v. State*, 901 S.W.2d 640, 647 (Tex.App.--El Paso 1995, pet. ref'd). We must uphold the trial court's ruling if it falls within the zone of reasonable disagreement. *Wead*, 129 S.W.3d at 129. Merely because a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Menchaca*, 901 S.W.2d at 647.

Appellant argues the trial court's instruction to disregard Mr. David Payan's reference to Appellant's prior incarceration did not cure the prejudicial effect of this reference. He also

argues that the reference to his incarceration was not ambiguous.

During the State's direct examination of Mr. Payan, the following occurred:

Q:      Three?  And how long did you guys live in Sandoval?

A:      Me or him?

Q:      Him.

A:      Like -- well, three years, because --

Q:      Okay, hold on.  Did he live there for three years?

A:      No, because he was in jail.

Appellant then objected to this statement by Mr. Payan on the basis that it violated the motion in limine, and the court sustained his objection.  At Appellant's request, the court instructed the jury to disregard this statement.  Appellant then moved for mistrial, but the court denied it.

Generally, any error resulting from a nonresponsive answer is cured by an instruction to disregard.  *See Ladd v. State*, 3 S.W.3d 547, 571 (Tex.Crim.App. 1999)(holding instruction to disregard cured witness's improper reference to defendant's multiple juvenile arrests); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992)(concluding witness's reference to defendant having "recently been released from the penitentiary" was cured by instruction to disregard); *Oberg v. State*, 890 S.W.2d 539, 545 (Tex.App.--El Paso 1994, pet. ref'd).  This is so except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds.  *See Oberg*, 890 S.W.2d at 545.  Furthermore, where there is no further mention of the subject, and no attempt by the State to pursue it, no error is shown.  *See Oberg*,

890 S.W.2d at 545-46.

In the present case, the comment objected to by Appellant was a nonresponsive answer the witness volunteered during his direct examination. The challenged testimony is similar to references that have been cured by an instruction to disregard. *See Ladd*, 3 S.W.3d at 571; *Kemp*, 846 S.W.2d at 308. The record clearly reflects that the trial court properly instructed the jury to disregard the witness's statement. Moreover, the State made no attempt to pursue the statement and did not mention it again. We do not find that this comment was of such a character as to make impossible the withdrawal of its effect on the minds of the jury, and any error resulting from its admittance was cured by the court's instruction to disregard. Accordingly, Issue Three is overruled.

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.

June 9, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)