COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RAUL AVALOS,

                            Appellant,

v.


The STATE OF TEXAS,
 
                            Appellee.

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00272-CR

Appeal from the

120th District Court

of El Paso County, Texas 

(TC# 20070D01624)





O P I N I O N

            Raul Avalos appeals his conviction for two counts of attempted capital murder of two
peace officers. A jury found Appellant guilty on both counts of a first degree felony offense, and
the trial judge sentenced him to 75 years’ imprisonment. On appeal, Appellant challenges the
legal and factual sufficiency of the evidence supporting the conviction, as well as the trial court’s
denial of his motion for a mistrial. We affirm.
            On March 7, 2007, Deputy Carranza of the El Paso County Sheriff’s Office was
patrolling on Interstate 10 when he received a radio report of shots fired in the Westway area of
El Paso County, Texas. Deputy Carranza drove to Westway and began looking for the suspect
described in the radio dispatch as a Hispanic male with a shaved head and wearing a white
muscle t-shirt and black pants.
            Deputy Carranza was westbound on Southwood Street when he saw someone who
matched the description, except for the fact that this person was wearing a checkered shirt. The
officer turned his patrol vehicle’s emergency lights on and got out of the car. The man began
running northbound on Essex Street. The officer yelled at the man to stop, but he did not. 
Deputy Carranza chased the individual, a short distance, when the man turned towards the deputy
and fired two shots from a hand gun at him. The man ran on for a short distance, then he fired a
third shot at Deputy Carranza. Deputy Carranza drew his weapon but never had a clear shot. He
did a radio report that shots were fired, and the location and direction in which the suspect was
running, and a description of the man.
            After hearing Deputy Carranza’s radio call, Deputy Carroll headed in the reported
direction. As he turned southbound on Essex Street, he saw a man with a gun running
northbound. Deputy Carroll immediately radioed Deputy Segoviano who was between himself
and the fleeing shooter, to warn him that the man was headed his way. Deputy Segoviano
testified that an Hispanic male with a bald head, wearing a checkered shirt and dark pants, shot at
him from a distance of fifteen to twenty yards. Deputy Segoviano drew his weapon and gunfire
was exchanged between the deputy and the baldheaded man. The man then ran through a vacant
lot, and as Deputy Segoviano followed him, the suspect turned and fired at the deputy once more. 
Deputy Segoviano fired one last shot at the suspect before the suspect ran behind a house on
Tiffany Street. Deputy Carranza ultimately met up with Deputy Segoviano, but the gunman
eluded their search. However, other deputies eventually found and arrested the bald shooter.
            A grand jury charged Appellant by indictment for the attempted capital murder of Deputy
Segoviano (Count I) and attempted capital murder of Deputy Carranza (Count II), as well as
unlawful possession of a firearm by a felon (Count III). Appellant pled not guilty, but the jury
found him guilty of Counts I and II. The court dismissed Count III because Appellant was
convicted of Counts I and II. Appellant elected to have the trial court assess punishment, and he
was sentenced to seventy-five years’ imprisonment.
            In Issues One and Two, Appellant contends the evidence was factually and legally
insufficient to support his conviction. But Appellant has simply failed to brief these issues on
appeal. We must conclude that Appellant has waived these issues based on inadequate briefing,
and that he has not preserved these complaints for review. See Tex.R.App.P. 38.1(i)(the
appellate brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record); see also Peake v. State, 133 S.W.3d 332,
334 (Tex.App.--Amarillo 2004, no pet.)(ineffective assistance complaint overruled based on
inadequate briefing). Accordingly, Issues One and Two are overruled.
            In Issue Three, Appellant contends the trial court erred in failing to grant a mistrial. We
review a trial court’s ruling on a motion for mistrial for an abuse of discretion. Wead v. State,
129 S.W.3d 126, 129 (Tex.Crim.App. 2004). In determining whether the trial court abused its
discretion, we consider whether the court acted without reference to guiding rules and principles,
or stated differently, whether the court acted arbitrarily or unreasonably. Lyles v. State, 850
S.W.2d 497, 502 (Tex.Crim.App. 1993); Menchaca v. State, 901 S.W.2d 640, 647 (Tex.App.--El Paso 1995, pet. ref'd). We must uphold the trial court’s ruling if it falls within the zone of
reasonable disagreement. Wead, 129 S.W.3d at 129. Merely because a trial court may decide a
matter within its discretionary authority in a different manner than an appellate court in a similar
circumstance does not demonstrate that an abuse of discretion has occurred. Menchaca, 901
S.W.2d at 647.
            Appellant argues the trial court’s instruction to disregard Mr. David Payan’s reference to
Appellant’s prior incarceration did not cure the prejudicial effect of this reference. He also
argues that the reference to his incarceration was not ambiguous.
            During the State’s direct examination of Mr. Payan, the following occurred:
Q:Three? And how long did you guys live in Sandoval?
 
A:Me or him?
 
Q:Him.
 
A:Like -- well, three years, because --
 
Q:Okay, hold on. Did he live there for three years?
 
A:No, because he was in jail.

            Appellant then objected to this statement by Mr. Payan on the basis that it violated the
motion in limine, and the court sustained his objection. At Appellant’s request, the court
instructed the jury to disregard this statement. Appellant then moved for mistrial, but the court
denied it.
            Generally, any error resulting from a nonresponsive answer is cured by an instruction to
disregard. See Ladd v. State, 3 S.W.3d 547, 571 (Tex.Crim.App. 1999)(holding instruction to
disregard cured witness’s improper reference to defendant’s multiple juvenile arrests); Kemp v.
State, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992)(concluding witness’s reference to defendant
having “recently been released from the penitentiary” was cured by instruction to disregard);
Oberg v. State, 890 S.W.2d 539, 545 (Tex.App.--El Paso 1994, pet. ref’d). This is so except in
extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the
jury and is of such a character as to suggest the impossibility of withdrawing the impression
produced on their minds. See Oberg, 890 S.W.2d at 545. Furthermore, where there is no further
mention of the subject, and no attempt by the State to pursue it, no error is shown. See Oberg,
890 S.W.2d at 545-46.
            In the present case, the comment objected to by Appellant was a nonresponsive answer
the witness volunteered during his direct examination. The challenged testimony is similar to
references that have been cured by an instruction to disregard. See Ladd, 3 S.W.3d at 571; Kemp,
846 S.W.2d at 308. The record clearly reflects that the trial court properly instructed the jury to
disregard the witness’s statement. Moreover, the State made no attempt to pursue the statement
and did not mention it again. We do not find that this comment was of such a character as to
make impossible the withdrawal of its effect on the minds of the jury, and any error resulting
from its admittance was cured by the court’s instruction to disregard. Accordingly, Issue Three is
overruled.
            Having overruled Appellant’s issues presented for review, we affirm the trial court’s
judgment.

June 9, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)