

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00107-CR

_____

ANTHONY SCOTT BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30,831-A, Honorable Dan L. Schaap, Presiding

February 16, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury convicted Appellant of manufacture or delivery of a controlled substance, one-four grams.[1] After finding two felony enhancements true, the same jury sentenced him to seventy-five years in the penitentiary.[2] On appeal he brings four issues: 1) the trial court should have recused after discovering the court bailiff was the father of one of the State's witnesses; 2) trial counsel was ineffective for not seeking a continuance during

_____

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

[2] TEX. PENAL CODE ANN. § 12.42(d).

trial so he could retain private counsel; 3) the trial court erred by not granting a continuance for him to retain private counsel, and 4) trial counsel was ineffective for not filing a sworn motion for continuance after he absconded during the trial. For the reasons discussed below, we affirm.

**ISSUE ONE—RECUSAL**

A judge must recuse when "the judge's impartiality might reasonably be questioned" or when "the judge has a personal bias or prejudice concerning the subject matter or a party." TEX. R. CIV. P. 18b(b)(1), (2). However, for purposes of error preservation, the issue requires a written motion. *See Jonson v. Duong*, 642 S.W.3d 189, 195 (Tex. App.—El Paso 2021, no pet.) ("a litigant claiming that a judge is biased or prejudiced must timely move to recuse the judge in the trial court in accordance with Rule 18a; otherwise, the issue is waived on appeal"); *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250–51 (Tex. App.—El Paso 2012, no pet.) (finding failure to file written recusal motion waives error); *Esquivel v. El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 83, 88 (Tex. App.—El Paso 2005, no pet.) (same). Appellant did not file a motion under Rule 18. Instead, the record reflects that counsel for Appellant did not object when given the opportunity. Prior to selecting a jury, it came to the trial court's attention that the bailiff was related to one of the State's witnesses. The court, concerned over the appearance of impropriety, asked the parties if there were any objections. Appellant stated that he had "none." In any event, the issue has not been preserved. Issue one is overruled.

**ISSUE TWO—INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO SEEK A CONTINUANCE**

The day trial commenced, but prior to picking the jury, Appellant directly addressed the trial court and requested a continuance to hire private counsel. The request was denied. Appellant now claims his counsel was ineffective for not also requesting a continuance after the trial court rejected his request. No motion for new trial was filed. Trial counsel's decision to not independently seek a continuance was never explored below.

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. Appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing an appellant's claims, we apply a strong presumption that trial counsel was competent and motivated by sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellant may rebut the presumption of effectiveness by providing a record from which the court can determine that trial counsel's performance was not based on sound strategy. *Jackson*, 877 S.W.2d at 771–72. When there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828,

3

833 (Tex. Crim. App. 2002) ("Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional.").

If there is no motion for new trial hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The record before us contains no motion for new trial or affidavit from trial counsel addressing an ineffective assistance of counsel allegation.

The Court of Criminal Appeals has stated that, absent an opportunity for trial counsel to explain his actions, appellate courts should not find ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Trial counsel has not been given the opportunity to explain the strategy he pursued. A record such as this, one that is silent about trial counsel's reasons for his actions, is insufficient to overcome the presumption of reasonableness. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Since Appellant has not carried his burden regarding prong one of the *Strickland* review, we overrule issue two.

**ISSUE THREE—TRIAL COURT ERRED BY REFUSING APPELLANT'S ORAL MOTION FOR CONTINUANCE TO RETAIN PRIVATE COUNSEL**

In his third issue, Appellant argues the trial court denied him his right to counsel of his choice by denying his oral motion for continuance, which, again, he raised the day of trial. Neither party addressed error preservation in their briefs as it relates to issue three, but we find it controlling here.

The requirements for a motion for continuance are governed by articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. Article 29.03 states: "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Article 29.08 requires "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08. In terms of error preservation, the Court of Criminal Appeals has interpreted these statutes as requiring a written motion as a prerequisite to appellate review of a continuance denial. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (finding "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal"). No written motion was filed below. Appellant has failed to preserve this claim and we overrule issue three.

**ISSUE FOUR—COUNSEL WAS INEFFECTIVE FOR NOT PRESERVING ERROR WITH REGARD TO APPELLANT'S ORAL MOTION FOR CONTINUANCE**

Lastly, Appellant argues that trial counsel was ineffective for failing to preserve appellate review as it relates to issue three.[3] We disagree.

First, as previously noted, trial counsel has not been afforded an opportunity to explain his conduct. We hesitate to break from long established precedent and label counsel's actions as deficient without first giving him an opportunity to explain his strategy or lack thereof. *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) ("Trial counsel should generally be given an opportunity to explain his actions before being found ineffective.") (citing *Rylander*, 101 S.W.3d at 111). Here, Appellant claims the deficiency prong is established because error preservation relating to motions for continuance is "well-settled law" and that "in one fell swoop, trial counsel waived Appellant's constitutional rights and any error regarding same. This cannot be explained under any conceivable trial strategy." Assuming for the sake of argument that trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it[]" *Goodspeed*, 187 S.W.3d at 392, Appellant must still address prejudice in order to prevail on an ineffective assistance of counsel claim. Instead of addressing prejudice, Appellant asks us to adopt a new standard when resolving ineffective assistance of counsel claims as they relate to the failure to file a sworn motion for continuance under article 29. We decline to take such action.

---

[3] While not dispositive to our analysis, we note the record reflects the trial court, after the jury was selected, delayed the proceedings for the afternoon in order for Appellant and his counsel to iron out their issues. Appellant was on bond and, while the record does not show if he used this time to obtain counsel, it does reflect that he did use the opportunity to abscond and was only brought back to the ongoing trial after a subsequent arrest.

Since prejudice has not been addressed, we find the issue inadequately briefed. *See Bessey v. State*, 199 S.W.3d 546, 555 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 809 (Tex. Crim. App. 2007) (finding inadequate briefing where appellant made no effort to show how record demonstrated prejudice under *Strickland*); *Peake v. State*, 133 S.W.3d 332, 334 (Tex. App.—Amarillo 2004, pet. ref'd) (same). The failure to cite legal authority or provide substantive analysis in support of an issue constitutes inadequate briefing and waives the complaint on appeal. TEX. R. APP. P. 38.1(i); *Dimock Operating Co. v. Sutherland Energy Co., LLC*, No. 07-16-00230-CV, 2018 Tex. App. LEXIS 2865, at *31 (Tex. App.—Amarillo Apr. 24, 2018, pet. denied) (mem. op.); *Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.). Appellant has failed to carry his burden with respect to at least one prong of the *Strickland* analysis. Accordingly, we overrule issue four.

## CONCLUSION

Overruling all of Appellant's issues, we affirm the trial court's judgment.

Alex L. Yarbrough
Justice

Do not publish.

7